Submitted December 19, 2013, portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed January 29, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEREMY ALLEN COVERSTONE,
*Defendant-Appellant.*

Marion County Circuit Court
11C43542; A150475

320 P3d 670

Peter Gartlan, Chief Defender, and Mary M. Reese, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rebecca M. Johansen, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

**ARMSTRONG, P. J.**

Defendant appeals judgments convicting him of multiple counts of sodomy and sexual abuse, contending that the trial court erred in ordering him to pay $8,000 in court-appointed attorney fees in the absence of evidence in the record of his ability to pay those fees. Defendant acknowledges that his claim of error is unpreserved but asks us to review and correct the error as "an error of law apparent on the record," ORAP 5.45(1), or "plain error." The state disputes that the error here is plain and, in any event, contends that we should not exercise our discretion to correct it. As explained below, we agree with defendant that it is appropriate for us to review and correct the error in this case.

There are three requirements for plain error review under ORAP 5.45(1): (1) the error must be an error of law; (2) it must be "apparent," in that the "legal point is obvious, not reasonably in dispute"; and (3) it must appear on the record such that "[w]e need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). We analyze the claim of error based on "the law existing at the time the appeal is decided" and not when the error occurred. *State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002).

Here, defendant contends that the trial court "had no authority to impose payment of attorney fees in the absence of evidence of defendant's ability to pay," citing ORS 151.505(4) and ORS 161.665(4).[1] Each of those statutes provides that a court may not order a defendant to pay the fees unless the defendant "is or may be able" to pay them. The state bears the burden of proving that this requirement has been satisfied. *State v. Kanuch*, 231 Or App 20, 24, 217 P3d 1082 (2009). In *State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012), we explained:

"[A] court cannot impose attorney fees based on a record that is silent regarding the defendant's ability to pay those

---

[1] ORS 151.505 and ORS 161.665 were amended in 2011, *see* Or Laws 2011, ch 597, §§ 43, 44. (Among other things, ORS 151.505(4) is now ORS 151.505(3).) Although the changes do not affect our analysis, we follow the parties' lead and refer to the 2009 versions of those statutes in this opinion.

fees. There must be some information from which the court can find the statutorily required factual predicate to imposition of the fees: that the defendant 'is or may be able to pay' them. ORS 151.505(3); ORS 161.665(4); *see also Bacote[ v. Johnson*, 333 Or 28, 34, 35 P3d 1019 (2001)] (reversing the trial court's imposition of $975 in attorney fees on the ground that the record did not establish that the circuit court complied with the statutory requirement that it determine the petitioner's ability to pay the fees). A court cannot impose fees based on pure speculation that a defendant has funds to pay the fees or may acquire them in the future. *Kanuch*, 231 Or App at 24."

Nonetheless, the state contends that the legal error here does not appear on the record and therefore is not "plain." It argues that the trial court is not required to engage in a colloquy or factfinding as to defendant's ability to pay on the record, and, because "nothing in the record tends to show that defendant was unemployable," therefore, "one reasonable inference is that the trial court learned of facts in chambers or in an off-the-record colloquy that demonstrated that defendant is or may be able to pay fees." The problem with the state's position is that it essentially shifts the burden of proof to defendant; that is, it would require a defendant to demonstrate that he or she *cannot* pay attorney fees. That is impermissible. *See Pendergrapht*, 251 Or App at 635 n 6 ("As we made clear in *Kanuch*, the state bears the burden of proving that a defendant is or may be able to pay attorney fees. A defendant is not required to prove that he or she is unable to pay them." (Citations omitted.)). As the state implicitly acknowledges, the record here is silent as to defendant's ability to pay the attorney fees ordered; therefore, it is apparent from the record and not reasonably in dispute that the trial court failed to comply with the statutory requirement that, before imposing attorney fees, it find that defendant "is or may be able to" pay the fees.

When a plain error is established, we still must determine if it is appropriate to exercise our discretion to correct the error, considering, among other things, "the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation

of error have been served in the case in another way." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 382 n 6, 823 P2d 956 (1991). We agree with defendant that those factors weigh in favor of correcting the error in this case.[2] As defendant points out, the error is grave. Defendant was ordered to pay $8,000, a substantial sum. Moreover, contrary to the state's view, this is not a case where, had it been alerted to the issue, the trial court could easily have determined that defendant could or would be able to pay the fees. The record contains no evidence of any financial resources available to defendant. And, defendant was sentenced to a lengthy prison term—375 months. *See Pendergrapht*, 251 Or App at 634 ("A court cannot impose fees based on pure speculation that a defendant has funds to pay the fees or may acquire them in the future."). Given those circumstances, the state's suggestion that the error is not grave because defendant could petition the court to reduce or eliminate the $8,000 obligation if it ultimately imposed a substantial hardship on him is not well taken.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.

---

[2] *State v. Ashley*, 240 Or App 795, 249 P3d 125, *rev den*, 350 Or 297 (2011), upon which the state relies, is not to the contrary. In *Ashley*, we declined to review as plain error the defendant's claim that the trial court had failed to make express findings regarding the defendant's ability to pay. *Id.* at 799. However, in that case, we noted that the defendant did not make a plain-error argument; we also noted that, even if he had, we would not exercise our discretion to correct it because the trial court easily could have made the findings had defendant requested them. Moreover, we emphasized that the defendant did not argue that the trial court lacked authority to impose payment of the fees (as defendant did in this case), only that the court erred in not making express findings as to his ability to pay. *Id.*