STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN AKAMINE BACO,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1100589; A151427

324 P3d 491

Peter Gartlan, Chief Defender, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and David B. Thompson, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Edmonds, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of criminal impersonation of a peace officer, in violation of ORS 162.367. Defendant appeals the resulting judgment, challenging his conviction on the ground that the state charged him by indictment with a different crime—criminal impersonation of a public servant, to wit: a peace officer, in violation of ORS 162.365. The state concedes the error. We agree and accept the state's concession. *See State v. Selmer*, 231 Or App 31, 217 P3d 1092 (2009), *rev den*, 347 Or 608 (2010) (concluding that it was plain error to enter a judgment of unlawful possession of methamphetamine when the defendant was charged and convicted of unlawful possession of heroin). Accordingly, we reverse the judgment and remand for an entry of a corrected judgment.

Defendant also challenges the imposition of court-appointed attorney fees, contending that the trial court erred by failing to consider his ability to pay before ordering him to pay fees in the amount of $510. *See State v. Kanuch*, 231 Or App 20, 24-25, 217 P3d 1082 (2009). Defendant acknowledges that his claim of error is unpreserved but asks us to review and correct the error as plain error. ORAP 5.45(1). The state bears the burden of proving that defendant "is or may be able to pay" attorney fees, and we have held that it is plain error for the trial court not to comply with the requirement that it find that a defendant has the ability to pay fees before it imposes them. *State v. Coverstone*, 260 Or App 714, 320 P3d 670 (2014). Here, the record does not show that the state met its burden of demonstrating that defendant was able to pay the fees.

We must determine, however, when reviewing for plain error, whether it is appropriate for us to exercise our discretion to correct the error. *Id.* at 716-17. We consider, among other things, "the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way." *Id.* (citing *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 382 n 6, 823 P2d 956 (1991)). In *Coverstone*, we decided to correct the error because, among other reasons,

the $8,000 in attorney fees imposed were a substantial sum and the defendant was incarcerated for a lengthy prison term. *Id.* at 717. In this case, we decline to exercise discretion to correct the error. The error is not grave because $510 is not a substantial amount given that defendant's probationary sentence does not prevent him from working and that defendant agreed to the state's recommendation of attorney fees in the same amount for another charge sentenced at the same time as the criminal impersonation sentencing.

Reversed and remanded for entry of a corrected judgment reflecting that defendant was convicted of criminal impersonation of a public servant rather than a peace officer; otherwise affirmed.