STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAVIER A. HERNANDEZ CHAVEZ,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1101865; A151692

326 P3d 629

Peter Gartlan, Chief Defender, and Lindsey K. Detweiler, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael S. Shin, Senior Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Haselton, Chief Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of multiple sexual offenses and sentenced to 300 months in prison. The trial court also ordered defendant to pay $1,600 in court-appointed attorney fees. On appeal, defendant challenges his convictions and the court's imposition of attorney fees. We reject defendant's challenge to his convictions without discussion and write only to address defendant's second assignment of error, which concerns the imposition of attorney fees.

In that second assignment of error, defendant contends that the trial court erred in ordering him to pay court-appointed attorney fees when the record is silent as to whether he "is or may be able" to pay those costs of his defense. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). He acknowledges that he did not preserve that claim of error but urges us to review and correct the error as an "error of law apparent on the record." ORAP 5.45(1). We agree with defendant that the trial court plainly erred in imposing attorney fees on this record. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that a trial court commits plain error by imposing court-appointed attorney fees where the record is silent as to the defendant's ability to pay the fees ordered).

We further conclude that, for reasons similar to those in *Coverstone*, it is appropriate to exercise our discretion to correct the error. First, the error is grave, in that defendant was ordered to pay a substantial sum, $1,600. Second, this is not a case in which the trial court could have made the necessary finding regarding ability to pay if the issue had been brought to its attention; the record contains no evidence of defendant's financial resources. And, third, defendant was sentenced to a lengthy prison term, 300 months, making it even more speculative that defendant would have the funds to pay the fees or acquire them in the future. *See State v. Callentano*, 263 Or App 190, 191-92, 326 P3d 630 (2014) (exercising discretion to correct a similarly grave

error under similar circumstances); *cf. State v. Baco*, 262 Or App 169, 171, 324 P3d 491 (2014) (declining to exercise discretion to correct a plain error in imposing court-appointed attorney fees where the "error is not grave because $510 is not a substantial amount given that defendant's probationary sentence does not prevent him from working and that defendant agreed to the state's recommendation of attorney fees in the same amount for another charge sentenced at the same time").

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.