Submitted April 30, portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed May 21, 2014

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## VANELLI CALLENTANO,
*Defendant-Appellant.*

Marion County Circuit Court
12C46454; A152811

326 P3d 630

Peter Gartlan, Chief Defender, and Mary M. Reese, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Paul L. Smith, Attorney-in-Charge, filed the brief for respondent.

Before Duncan, Presiding Judge, and Haselton, Chief Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of first-degree robbery, sentenced to 90 months in prison, and ordered to pay a $200 fine and $2,500 in court-appointed attorney fees. On appeal, defendant contends that the trial court erred in ordering him to pay the attorney fees when the record is silent as to whether he "is or may be able" to pay those costs of his defense. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). He acknowledges that he did not preserve that claim of error but urges us to review and correct the error as an "error of law apparent on the record." ORAP 5.45(1).

We agree with defendant that the trial court plainly erred in imposing court-appointed attorney fees on this record. *See State v. Chavez*, 263 Or App 187, 188, 326 P3d 629 (2014) (holding that a trial court commits plain error by imposing court-appointed attorney fees where the record is silent as to the defendant's ability to pay the fees ordered); *State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (same). We further conclude that, for reasons similar to those expressed in *Chavez* and *Coverstone*, it is appropriate to exercise our discretion to correct the error. The error is grave, requiring defendant to pay a substantial sum of $2,500; this is not a case in which the trial court could have made the necessary finding regarding ability to pay if the issue had been brought to its attention, because the record contains no evidence of defendant's financial resources; and defendant was sentenced to a lengthy prison term of 90 months, making it more speculative that defendant would have the funds to pay the fees or acquire them in the future. *See Chavez*, 263 Or App at 188-89 (exercising discretion to correct a similar error under similar circumstances); *Coverstone*, 260 Or App at 716-17 (same); *cf. State v. Baco*, 262 Or App 169, 171, 324 P3d 491 (2014) (declining to exercise discretion to correct a plain error in imposing court-appointed attorney fees where the "error is not grave because $510 is not a substantial amount given that defendant's probationary sentence does not prevent him from working and that defendant agreed

to the state's recommendation of attorney fees in the same amount for another charge sentenced at the same time").

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.