STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAMON DELGADO-JUAREZ,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR110666; A152167

330 P3d 1248

Peter Gartlan, Chief Defender, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Susan G. Howe, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of multiple sexual offenses and sentenced to 298 months' imprisonment. In his first and second assignments of error, he challenges nonunanimous jury verdicts as unconstitutional, and in his third and fourth assignments of error, he contends that statements made by the prosecutor in closing argument impermissibly commented on his credibility. We reject defendant's first through fourth assignments of error without further discussion. We write only to address defendant's fifth assignment of error, which concerns the imposition of attorney fees.

In that assignment of error, defendant contends that the trial court committed plain error when it ordered him to pay $1,200 in attorney fees when the record was silent as to whether he "is or may be able to pay" the costs of his defense. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). Defendant failed to preserve that claim of error but urges us to review and correct the error as "an error of law apparent on the record." ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (court has discretion to review unpreserved error of law apparent on the face of the record).

We agree with defendant that the trial court plainly erred in imposing attorney fees of $1,200 on this record. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that a trial court commits plain error by imposing court-appointed attorney fees where the record is silent as to the defendant's ability to pay the fees ordered). Further, we conclude that, for reasons similar to those expressed in *Coverstone*, it is appropriate to exercise our discretion to correct the error. First, the error is grave, in that defendant was ordered to pay a substantial sum, $1,200. Second, this is not a case in which the trial court could have made the necessary finding regarding ability to pay if the issue had been brought to its attention; the record contains no evidence of defendant's financial resources. And, third, defendant was

sentenced to a lengthy prison term, 298 months, making it speculative that defendant would have the funds to pay the fees or acquire them in the future. *See State v. Chavez*, 263 Or App 187, 188, 326 P3d 629 (2014) (exercising discretion to correct a similarly grave error under similar circumstances); *State v. Callentano*, 263 Or App 190, 191, 326 P3d 630 (2014) (same); *cf. State v. Baco*, 262 Or App 169, 171, 324 P3d 491 (2014) (declining to exercise discretion to correct a plain error in imposing court-appointed attorney fees where the "error is not grave because $510 is not a substantial amount given that defendant's probationary sentence does not prevent him from working and that defendant agreed to the state's recommendation of attorney fees in the same amount for another charge sentenced at the same time").

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.