Submitted June 18, portion of judgment requiring defendant to pay court-appointed attorney fees and indigent contribution reversed; otherwise affirmed July 23, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MITCHELL ALAN BELOW,
*Defendant-Appellant.*

Jackson County Circuit Court
111175FE; A152374

332 P3d 329

Peter Gartlan, Chief Defender, and Anne Fujita Munsey, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Matthew J. Preusch, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Edmonds, Senior Judge.

DUNCAN, P. J.

## DUNCAN, P. J.

Defendant was convicted of murder and sentenced to life in prison, with the possibility of parole after 25 years. He appeals, raising four assignments of error. In his first and second assignments, he asserts that the trial court erred in admitting certain evidence. We reject those assignments without published discussion. In his third and fourth assignments, he asserts that the court erred in imposing $18,000 in court-appointed attorney fees and an $18,000 indigent contribution. Defendant acknowledges that those claims of error are unpreserved but asks us to review and correct them as "plain error," that is, as errors of law "apparent on the record." ORAP 5.45(1).[1] For the reasons explained below, we agree with defendant that the trial court erred in imposing the challenged financial obligations, that the errors are plain, and that it is appropriate for us to exercise our discretion to correct them.

Under ORS 151.505 and ORS 161.665, a trial court may order a defendant to pay court-appointed attorney fees and other costs. However, in order for a court to do so, there must be evidence that the defendant "is or may be able to pay" the fees and costs. ORS 151.505(3) (so providing); ORS 161.665(4) (same). "A court cannot impose fees based on pure speculation that a defendant has funds to pay the fees or may acquire them in the future." *State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012); *see State v. Kanuch*, 231 Or App 20, 22, 217 P3d 1082 (2009) (trial court erred in imposing $15,000 in court-appointed attorney fees on the defendant, who had been convicted of aggravated murder and sentenced to life in prison, with the possibility of parole after 25 years, where there was no evidence that the defendant was or might be able to pay the fees). The state bears the burden of proving that a defendant is or may be able to pay fees. *State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014).

In this case, defendant was charged with a murder committed in 2011, and he applied for court-appointed

---

[1] ORAP 5.45(1) provides, in part:

"No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may consider an error of law apparent on the record."

counsel. The trial court waived the $20 application fee and appointed counsel for defendant. Defendant's case proceeded to a bench trial, where his defense was that he killed the victim as a result of an extreme emotional disturbance. *See* ORS 163.135 (providing for extreme emotional disturbance defense to murder). In support of his defense, defendant presented an expert witness who testified about defendant's history of depression and alcohol abuse, among other things. The trial court found defendant guilty and sentenced him to life in prison, with the possibility of parole after 25 years. At sentencing, the court ordered defendant to pay $673 in assessments, $4,000.73 in restitution, a $9,327 fine, $18,000 in court-appointed attorney fees, and an $18,000 indigent contribution.[2] The court did not address whether defendant was able to pay the ordered amounts or might be able to pay them in the future.

As mentioned, on appeal, defendant asserts that the trial court committed plain error by ordering him to pay the court-appointed attorney fees and indigent contribution.[3] According to defendant, "the record contains no evidence to support a finding that defendant had the ability to pay his attorney fees and other expenses incurred in his defense." He contends that the only evidence regarding his ability to pay was that he was 45[4] years old, had a history of underemployment and unemployment due to his depression and alcohol abuse, and was facing a sentence of life imprisonment.

In response, the state asserts that the trial court did not commit plain error because "nothing in this record tends to show that the defendant was unemployable." "To the

---

[2] The court did not specify the basis for the indigent contribution. Under ORS 151.505, at the conclusion of a case, a court can order the defendant to pay costs including "a reasonable attorney fee for counsel appointed to represent the person and a reasonable amount for expenses authorized under ORS 135.055[,]" which applies to, among other things, fees and expenses for investigators and experts. Similarly, under ORS 161.665, in cases in which a defendant has been convicted, a court can order the defendant to pay costs, including "a reasonable attorney fee for counsel *** and a reasonable amount for fees and expenses incurred pursuant to preauthorization under ORS 135.055."

[3] Defendant does not challenge the trial court's imposition of the assessments, restitution, or fine.

[4] Although defendant's brief states that he was 45 years old at the time of sentencing, the record reflects that defendant was born on June 28, 1960, and was therefore 52 years old at the time of sentencing.

contrary," the state asserts, "the record shows that defendant had held good jobs in the past." In support of its assertion, the state quotes a portion of the testimony of defendant's expert witness where the witness said that defendant had "several fairly good jobs."

Whether there is sufficient evidence for a trial court to find that a defendant is or may be able to pay fees or other costs under ORS 151.505 or ORS 161.665 is a question of law, which we review for errors of law. *See Bacote v. Johnson*, 333 Or 28, 33-34, 35 P3d 1019 (2001). In order for the erroneous imposition of fees or other costs to constitute "plain error," the error must be apparent on the face of the record. That is, the relevant facts and legal error must be clear from the record itself. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (ruling that an unpreserved error is reviewable as "plain error" if (1) the error is one of law; (2) the legal point is obvious—that is, "not reasonably in dispute"; and (3) to reach the error, "[w]e need not go outside the record or choose between competing inferences to find it").

At the outset, we reject the state's argument that the trial court did not err because "nothing in this record tends to show that the defendant was unemployable." As we have held, accepting such an argument would impermissibly "shift[ ] the burden of proof to defendant" by requiring "defendant to demonstrate that he or she *cannot* pay attorney fees." *Coverstone*, 260 Or App at 716 (emphasis added); *see also Pendergrapht*, 251 Or App at 635 n 6 ("[T]he state bears the burden of proving that a defendant is or may be able to pay attorney fees. A defendant is not required to prove that he or she is unable to pay them.") (Citations omitted.)); *Kanuch*, 231 Or App at 24 (rejecting argument that a court can impose attorney fees "unless a defendant demonstrates that he or she cannot pay them"). Thus, whether the trial court erred depends on whether there was sufficient evidence to support a finding that defendant was or might be able to pay the $18,000 court-appointed attorney fees and the $18,000 indigent contribution.

We conclude that the trial court committed plain error; the record does not contain sufficient evidence to support a finding that defendant was or might be able to pay

the court-appointed attorney fees or indigent contribution. First, there was no evidence from which the court could find that defendant was able to pay the challenged financial obligations; the record contains no evidence that defendant had financial resources that would enable him to pay the substantial obligations. Second, there was no evidence from which the trial court could find, without speculating, that defendant might acquire such resources in the future. Defendant was 52 years old at the time of sentencing, and he was sentenced to life in prison, with the possibility of parole after 25 years. It is speculative whether he will ever be released, and it is even more speculative that, if he is released, he might be able to obtain employment that would enable him to pay the $18,000 court-appointed attorney fees and the $18,000 indigent contribution, particularly in light of his history, age, and other court-imposed financial obligations.

The state points out that defendant's expert witness testified that defendant had "several fairly good jobs" in the past, but that testimony—read in full—is insufficient to support a finding that defendant might be able to pay the challenged financial obligations in the future. While describing defendant's problems with depression and alcohol abuse and the effects of those problems on his employment, the witness testified that defendant

> "had a period of time where he worked in construction; had several fairly good jobs and then that's the point where he just couldn't function any longer and started working for temp agencies."

According to the witness, "the point where [defendant] just couldn't function any longer" occurred in the early "2000s," approximately a decade before defendant's crime, trial, and sentencing. Consistent with the witness's testimony, the trial court found that defendant had "a long history of depression and substance abuse," "difficulties holding down jobs for extended periods of time," and "[f]inancial problems due to underemployment, or unemployment." Thus, although there was evidence that defendant "had several fairly good jobs" in the past, those jobs were too distant in time to support a finding that defendant might be able to

pay the court-appointed attorney fees and indigent contri-
bution. *See State v. Ramirez-Hernandez*, 264 Or App 346,
348, 332 P3d 338 (2014) (rejecting "[t]he [state's] argument
that, with court-ordered alcohol and mental health treat-
ment, [the] defendant would be employable in the future"
because it "fails to account for the facts that [the] defendant
is homeless, mentally ill, and on a immigration hold with
the likelihood of being deported").

Thus, the evidence before the trial court was insuf-
ficient to support a finding that defendant had the financial
resources or employment opportunities that would enable
him to pay the challenged financial obligations at the time of
sentencing, and it was also insufficient to support a finding
that that he might acquire those resources or opportunities
during or after his lengthy prison term. Therefore, the trial
court committed plain error by imposing the court-appointed
attorney fees and indigent contribution. *See Coverstone*, 260
Or App at 716.[5]

Having determined that the court committed plain
error, we turn to the question whether we should exercise
our discretion to review and correct the error. "When a plain
error is established, we still must determine if it is appropri-
ate to exercise our discretion to correct the error, consider-
ing, among other things, 'the gravity of the error; the ends
of justice in the particular case; how the error came to the
court's attention; and whether the policies behind the gen-
eral rule requiring preservation of error have been served in
the case in another way.'" *Coverstone*, 260 Or App at 716-17
(quoting *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382,

---

[5] *See also State v. Delgado-Juarez*, 263 Or App 706, 707, 330 P3d 1248 (2014)
(trial court's imposition of $1,200 in attorney fees constituted plain error where
the defendant was sentenced to 298 months in prison and the record contained no
evidence of his financial resources); *State v. Callentano*, 263 Or App 190, 191, 326
P3d 630 (2014) (trial court's imposition of $2,500 in attorney fees on a defendant
sentenced to 90 months in prison, was plain error where the record contained no
evidence that the defendant was or might be able to pay the fees); *State v. Chavez*,
263 Or App 187, 188, 326 P3d 629 (2014) (trial court committed plain error by
imposing $1,600 in attorney fees where the record failed to establish that the
defendant, who had been sentenced to 300 months in prison, was or might be able
to pay the fees); *State v. Strong*, 262 Or App 585, 586, 325 P3d 795 (2014) (cor-
recting as plain error trial court's imposition of $11,760 in attorney fees on the
64-year-old defendant, who had been sentenced to 186 months in prison, where
there was no evidence regarding the defendant's ability to pay the fees).

382 n 6, 823 P2d 956 (1991)). In *Coverstone*, we exercised our discretion to reverse the trial court's imposition of court-appointed attorney fees, explaining:

"As defendant points out, the error is grave. Defendant was ordered to pay $8,000, a substantial sum. Moreover, contrary to the state's view, this is not a case where, had it been alerted to the issue, the trial court could easily have determined that defendant could or would be able to pay the fees. The record contains no evidence of any financial resources available to defendant. And, defendant was sentenced to a lengthy prison term—375 months."

260 Or App at 717.[6]

For reasons similar to those in *Coverstone*, we conclude that it is appropriate to exercise our discretion to correct the erroneous imposition of court-appointed attorney fees and the indigent contribution in this case. The errors are grave, in that defendant was ordered to pay a substantial sum, $18,000 in court-appointed attorney fees and an additional $18,000 indigent contribution, for a total of $36,000 in addition to the approximately $14,000 in other financial obligations. And, this is not a case in which the trial court could have made the necessary finding regarding ability to pay if the issue had been brought to its attention; as discussed above, there was no evidence that defendant was able to pay the court-appointed attorney fees or might be able to pay them in the future. *See Ramirez-Hernandez*, 264 Or App at 349 (noting that, in that case, "while there is some speculative evidence that [the] defendant might find work in the future, the actual evidence is to the contrary").

Portion of judgment requiring defendant to pay court-appointed attorney fees and indigent contribution reversed; otherwise affirmed.

---

[6] *See also Delgado-Juarez*, 263 Or App at 707 (exercising discretion to correct as plain error trial court's imposition of attorney fees); *Callentano*, 263 Or App at 191 (same); *Chavez*, 263 Or App at 188 (same); *Strong*, 262 Or App at 586 (same); *cf. State v. Baco*, 262 Or App 169, 171, 324 P3d 491 (2014) (declining to exercise discretion to correct imposition of $510 in attorney fees on the ground that the amount was not substantial and the defendant's probationary sentence did not prevent him from working).