Submitted August 20, portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed October 8, 2014, petition for review denied January 15, 2015 (356 Or 685)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALFONSO MARTINEZ-TAPIA,
*Defendant-Appellant.*

Marion County Circuit Court
12C45679; A153537

337 P3d 873

Peter Gartlan, Chief Defender, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Edmonds, Senior Judge.

PER CURIAM

**PER CURIAM**

Defendant was convicted of two counts of assault in the second degree, ORS 163.175, and sentenced to 70 months' incarceration and 36 months' post-prison supervision. He asserts five assignments of error on appeal. We write to address only his second assignment, in which he contends that the trial court erred in imposing $1,600 in court-appointed attorney fees, and we reject the others without discussion.

Defendant contends that the trial court erred in imposing the attorney fees because the record established that he is unable to pay them; he notes that he is indigent, was sentenced to a lengthy prison term, and is subject to removal from the United States on his release from custody. See ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). Defendant acknowledges that he failed to preserve this claim of error but requests that we exercise our discretion to review it as "error of law apparent on the record" under ORAP 5.45(1). See Ailes v. Portland Meadows, Inc., 312 Or 376, 381-82, 823 P2d 956 (1991) (describing "plain error" doctrine). The state concedes the error and agrees that that portion of the trial court's judgment should be reversed.

We agree with defendant and the state that, on this record, the trial court plainly erred in requiring defendant to pay attorney fees. See, e.g., State v. Chavez, 263 Or App 187, 326 P3d 629 (2014) (holding that the imposition of court-appointed attorney fees is plain error when the record is silent as to the defendant's ability to pay the fees ordered); State v. Coverstone, 260 Or App 714, 320 P3d 670 (2014) (same). We further conclude, for reasons similar to those expressed in Chavez and Coverstone, that it is appropriate for us to exercise our discretion to correct the error in this case. See also State v. Ramirez-Hernandez, 264 Or App 346, 332 P3d 338 (2014) (exercising discretion to correct error in imposing $400 in attorney fees where defendant was homeless, mentally ill, and subject to an immigration hold that was likely to result in deportation); State v. Callentano, 263 Or App 190, 326 P3d 630 (2014) (exercising discretion

to correct error in imposing $2,500 in attorney fees where the record contained no evidence of defendant's financial resources and defendant was sentenced to a prison term of 90 months, making it more speculative that he would have the funds to pay the fees or acquire them in the future); *cf. State v. Baco*, 262 Or App 169, 324 P3d 491, *rev den*, 355 Or 751 (2014) (declining to exercise plain error review where trial court imposed $510 in attorney fees, defendant's probationary sentence did not prevent him from working, and defendant had agreed to the state's recommendation of the same amount of attorney fees with regard to a different charge sentenced at the same time). Accordingly, we accept the state's concession and reverse that portion of the judgment.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.