## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## VICTORINO DIAZ-RUIZ,
*Defendant-Appellant.*

Marion County Circuit Court
12C40305; A153284

340 P3d 752

Peter Gartlan, Chief Defender, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Wollheim, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of multiple sexual offenses, including first-degree rape by use of forcible compulsion (Count 1). He was sentenced to 300 months in prison and also ordered to pay $12,500 in court-appointed attorney fees. On appeal, defendant challenges his conviction on Count 1, as well as the court's imposition of attorney fees. We reject defendant's challenge to his conviction without discussion and write only to address defendant's second assignment of error, which concerns the imposition of attorney fees.

In his second assignment of error, defendant contends that the trial court committed plain error in ordering him to pay court-appointed attorney fees when the record is silent as to whether he "is or may be able" to pay those costs of his defense. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). The state concedes as much, and we agree and accept the concession. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that a trial court commits plain error by imposing court-appointed attorney fees where the record is silent as to the defendant's ability to pay the fees ordered). We further conclude that, for the reasons articulated in *Coverstone*, it is appropriate to exercise our discretion to correct the error.

Portion of judgment requiring defendant to pay court-appointed attorney fees reversed; otherwise affirmed.