### STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

### ALBERTO MEJIA-ESPINOZA,
*Defendant-Appellant.*

Marion County Circuit Court
09C45610; A151633

341 P3d 180

Peter Gartlan, Chief Defender, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Haselton, Chief Judge, and Wollheim, Senior Judge.

HASELTON, C. J.

## HASELTON, C. J.

Defendant was convicted of rape in the first degree, ORS 163.375, unlawful sexual penetration in the first degree, ORS 163.411, and sexual abuse in the first degree, ORS 163.427, and sentenced to 200 months in prison. On appeal, he asserts nine assignments of error. We write only to address his ninth assignment of error, in which he contends that the trial court erred when it ordered him to pay $6,000 in court-appointed attorney fees, and we reject defendant's other contentions without further discussion. Defendant acknowledges that his claim of error is unpreserved, but asks us to review and correct the error as "an error of law apparent on the record." ORAP 5.45(1). For the reasons that follow, we reverse the attorney fee award and otherwise affirm.

Notwithstanding a defendant's failure to object at trial, an appellate court "may consider an error of law apparent on the record." ORAP 5.45(1). We have held that it is "plain error" for a trial court to require a defendant to pay court-appointed attorney fees in the absence of legally sufficient evidence that the defendant has the ability to pay the amount imposed. *State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014); *see* ORS 151.505(3) (a trial court may not impose costs unless the person "is or may be able to pay the costs"). "A court cannot impose fees based on pure speculation that a defendant has funds to pay the fees or may acquire them in the future." *State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012). The state bears the burden of proving that a defendant "is or may be able to pay" attorney fees. *State v. Kanuch*, 231 Or App 20, 24, 217 P3d 1082 (2009).

Here, defendant contends that the trial court erred in imposing payment of attorney fees because the record contains no information supporting a finding that he was, or would be, able to pay a $6,000 attorney fee. Specifically, defendant notes that the record shows that he was, and will continue to be, impoverished, and that he was sentenced to 200 months in prison. The state argues that the court did not "plainly err," because there was evidence in the record that defendant had done "[f]ield work, picking different kinds of fruits[,]" and that he had been a firefighter.

We conclude that the trial court plainly erred, because the record does not contain sufficient evidence to support a finding that defendant was or might be able to pay the court-appointed attorney fees. There is no evidence that, as of the time of sentencing, defendant possessed assets sufficient to satisfy the award of fees or that he would receive income during his lengthy incarceration that could be applied toward that obligation. *Accord State v. Baco*, 262 Or App 169, 171, 324 P3d 491, *rev den*, 355 Or 751 (2014) (declining to exercise discretion to correct imposition of $510 in attorney fees because the amount was not substantial given that the defendant's probationary sentence did not prevent him from working); *State v. Eshaia*, 253 Or App 676, 680-81, 291 P3d 805 (2012) (the court did not err in imposing $400 in attorney fees because there was evidence that the defendant received disability income). Although the record contains some evidence that defendant worked in the past, as a field worker and as a firefighter, there is no evidence as to (1) defendant's historic earnings from such work and (2) whether, given the nature of defendant's criminal convictions and the length of his incarceration, such employment (including, especially, as a firefighter) will be plausibly available to defendant following his release. *See State v. Below*, 264 Or App 384, 388, 332 P3d 329 (2014) (concluding that, although there was evidence that the defendant had worked in the past, the evidence in the record was too speculative that he would be able to pay the attorney fees).

We further determine that it is appropriate to exercise our discretion pursuant to *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 382 n 6, 823 P2d 956 (1991), to correct that error. In determining whether to exercise our *Ailes* discretion, we consider, among other things, "the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way." *Id.*

Here, we exercise our discretion to correct the asserted error for reasons similar to those in *Coverstone*. First, the error is grave; as noted, defendant was ordered to pay $6,000, which is a substantial sum. *See id.* at 717 (asserted error was "grave" in that imposition of $8,000 fee

obligation was a "substantial sum"). Second, this is not a case in which the trial court could have made the necessary findings regarding ability to pay if the issue had been brought to its attention—as noted above, there was no evidence that defendant was able to, or might be able to, pay the attorney fees. *Id.*; *see also State v. Delgado-Juarez*, 263 Or App 706, 330 P3d 1248, *rev den*, 355 Or 880 (2014) (exercising discretion to correct error imposing $1,200 in attorney fees where the record contained no evidence of the defendant's financial resources and the defendant was sentenced to 298 months' imprisonment); *State v. Chavez*, 263 Or App 187, 188, 326 P3d 629, *rev den*, 356 Or 163 (2014) (exercising discretion to correct error under similar circumstances); *State v. Callentano*, 263 Or App 190, 191, 326 P3d 630 (2014) (same).

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.