STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESSE LEON WELLS,
*Defendant-Appellant.*

Marion County Circuit Court
11C47458; A154484

345 P3d 498

Peter Gartlan, Chief Defender, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jamie K. Contreras, Assistant Attorney-in-Charge, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of assault in the second degree, ORS 163.175, and sentenced to 70 months' incarceration and 36 months' post-prison supervision. He first contends that the trial court erred in convicting him of the assault "absent evidence sufficient to prove that defendant acted with an awareness that his conduct would cause serious physical injury," contending that the Supreme Court's contrary interpretation of ORS 163.175 in *State v. Barnes*, 329 Or 327, 338, 986 P2d 1160 (1999), is incorrect. We reject that assignment of error without discussion. He next contends that the trial court plainly erred in imposing $1,600 in court-appointed attorney fees because the trial court "did not find (and could not have found) that defendant was or might be able to pay the court-appointed attorney fees given his incarceration and the other potential limitations on his ability to earn income in prison or upon release."[1] The state concedes that the record lacks evidence that defendant "is or may be able to pay" the attorney fees, *see* ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."), and that that portion of the judgment should be reversed. We agree and accept the state's concession of error. *State v. Coverstone*, 260 Or App 714, 320 P3d 670 (2014) (holding that the imposition of court-appointed attorney fees is plain error where the record is silent as to the defendant's ability to pay the fees ordered). We also agree that, for the reasons stated in *State v. Martinez-Tapia*, 266 Or App 217, 337 P3d 873 (2014), it is appropriate for us to exercise our discretion to correct the error in this case. *See, e.g., Martinez-Tapia*, 266 Or App at 218-19 (reversing as plain error portion of judgment ordering the defendant to pay $1,600 in attorney fees where the record reflected his inability to pay the fees and the defendant was indigent, sentenced to 70 months' incarceration). Accordingly, we reverse that portion of the judgment.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.

---

[1] Defendant was under the jurisdiction of the Psychiatric Security Review Board and living at the Oregon State Hospital at the time of his offense.