STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH WAYNE KURTZ,
*Defendant-Appellant.*

Marion County Circuit Court
13C43631; A155403

359 P3d 586

Peter Gartlan, Chief Defender, and Lindsey K. Detweiler, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael S. Shin, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

DUNCAN, P. J.

### DUNCAN, P. J.

In this criminal case, defendant appeals, assigning error to the trial court's imposition of court-appointed attorney fees. The state concedes that the trial court erred in imposing the fees; we agree, and, therefore, we reverse the portion of the trial court's judgment that imposes the fees and otherwise affirm.[1]

Defendant was charged with, and convicted of, felony assault in the fourth degree, ORS 163.160 (Count 1); menacing, ORS 163.190 (Count 2); coercion, ORS 163.275 (Count 3); and tampering with a witness, ORS 162.285 (Counts 4-10). The trial court ordered defendant to serve 120 months in prison and to pay $2,440 in court-appointed attorney fees. Defendant did not object to the fees but now contends that the trial court committed plain error by imposing them and that we should exercise our discretion to review the error. *See* ORAP 5.45(1) (authorizing plain error review); *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (describing requirements for plain error review under ORAP 5.45); *see also Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (identifying factors to be considered when determining whether to exercise discretion to correct plain error).

A trial court may order a convicted defendant to pay costs, including "a reasonable attorney fee for counsel appointed to represent the [defendant,]" only if the defendant "is or may be able to" pay them. ORS 151.505(3); ORS 161.665(4); *Bacote v. Johnson*, 333 Or 28, 33, 35 P3d 1019 (2001) (a court "must determine if the person is or, in the future, may be able to pay costs"); *State v. Kanuch*, 231 Or App 20, 24, 217 P3d 1082 (2009) (a court "lacks authority to sentence a defendant to pay costs unless it has determined that the defendant 'is or may be able to pay them'" (quoting ORS 161.665(4))). Thus, a trial court cannot impose

---

[1] On appeal, in addition to challenging the trial court's imposition of court-appointed attorney fees, defendant challenges (1) the trial court's failure to *sua sponte* strike testimony of a state's witness, which, defendant contends, constituted impermissible vouching, and (2) the trial court's failure to *sua sponte* merge the guilty verdicts on two of the witness tampering counts, which, defendant contends, were based on violations of a single statutory provision. We reject those challenges without written discussion.

court-appointed attorney fees "based on a record that is silent regarding the defendant's ability to pay those fees." *State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012). There must be evidence that the defendant "is or may be able to pay" the fees. *Id.* (internal quotations omitted). The state bears the burden of presenting such evidence. *Id.* at 635 n 6 ("[T]he state bears the burden of proving that a defendant is or may be able to pay attorney fees. A defendant is not required to prove that he or she is unable to pay them." (Citing *Kanuch*, 231 Or App at 24.)).

Imposition of court-appointed attorney fees based on a record that is silent regarding the defendant's ability to pay the fees constitutes plain error. *State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014). We have exercised our discretion to review such plain errors in cases like this one, where the fees are substantial and the defendant was sentenced to a lengthy prison term. *E.g., State v. Nickerson,* 272 Or App 155, 159-60, 354 P3d 758 (2015) (reversing $1,500 in fees where the defendant was sentenced to 70 months in prison); *State v. Fleet,* 270 Or App 246, 247, 347 P3d 345 (2015) (reversing $980 in fees where the defendant was sentenced to 60 months in prison); *State v. Wells,* 269 Or App 528, 529, 345 P3d 498, *rev den,* 357 Or 551 (2015) (reversing $1,600 in fees where the defendant was sentenced to 70 months in prison); *State v. Callentano,* 263 Or App 190, 191-92, 326 P3d 630 (2014) (reversing $2,500 in fees where the defendant was sentenced to 90 months in prison); *cf. State v. Baco,* 262 Or App 169, 171, 324 P3d 491, *rev den,* 351 Or 751 (2014) (declining to exercise plain error review where the trial court imposed $510 in attorney fees, the defendant's probationary sentence did not prevent him from working, and the defendant had agreed to the state's recommendation of the same amount of attorney fees with regard to a different charge sentenced at the same time).

Here, the trial court sentenced defendant to 120 months in prison and imposed $2,440 in court-appointed attorney fees. Defendant asserts, and the state does not dispute, that the record does not contain sufficient evidence from which the trial court could determine that defendant "is or may be able to pay" the fees. We agree, and we conclude that, under the cases cited above, the trial court erred

in imposing the fees, the error constitutes plain error, and it is appropriate for us to exercise our discretion to correct it.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.