Submitted August 7, portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed October 7, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAFAEL RAMIREZ-REYES,
*Defendant-Appellant.*

Marion County Circuit Court
13C45395; A156480

362 P3d 866

Peter Gartlan, Chief Defender, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Susan Yorke, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

PER CURIAM

**PER CURIAM**

In this criminal case, defendant appeals, assigning error to the trial court's imposition of $5,000 in court-appointed attorney fees. Defendant claims, and the state concedes, that the trial court committed plain error by imposing the fees because the record contains no evidence that the defendant "is or may be able to pay" them. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). Defendant asks that we exercise our discretion to review the error, and the state agrees that it is appropriate for us to do so.

We agree with the parties that the trial court committed plain error by imposing the court-appointed attorney fees. The record shows that defendant was indigent, was sentenced to 88 months in prison, and will likely be deported when he is released from prison. As such, the record is insufficient to support a finding that defendant "is or may be able to pay" the fees. *See State v. Martinez-Tapia*, 266 Or App 217, 218, 337 P3d 873 (2014), *rev den*, 356 Or 685 (2015) (trial court plainly erred by imposing $1,600 in fees on defendant who was indigent, was sentenced to 70 months in prison, and was subject to deportation on his release from custody); *State v. Callentano*, 263 Or App 190, 191, 326 P3d 630 (2014) (trial court plainly erred by imposing $2,500 in fees on defendant, who was sentenced to 90 months in prison, where the record contained no evidence of defendant's financial resources and, given defendant's prison term, any finding that he would have the funds to pay the fees in the future would be speculative). Although defendant had worked in the past, any conclusions regarding his ability to pay the fees in the future would be speculative, given his lengthy prison sentence and likely deportation. *See State v. Mejia-Espinoza*, 267 Or App 682, 684, 341 P3d 180 (2014), *rev den*, 357 Or 164 (2015) (evidence that defendant had worked as a field worker and firefighter in the past was insufficient to support imposition of $6,000 in fees on defendant, who was sentenced to 200 months in prison, where the record contained no evidence "as to (1) defendant's

historic earnings from such work and (2) whether, given the nature of defendant's criminal convictions and the length of his incarceration, such employment *** will be plausibly available to defendant following his release").

We also agree with the parties that it is appropriate for us to exercise our discretion to correct the error, as we have in similar cases. *E.g.*, *Martinez-Tapia*, 266 Or App at 218-19; *Callentano*, 263 Or App at 191. Given the amount of the fee, the error is grave. And, although defendant did not preserve his challenge to the fees, "this is not a case in which the trial court could have made the necessary finding regarding ability to pay if the issue had been brought to its attention, because the record contains no evidence of defendant's financial resources[.]" *Callentano*, 263 Or App at 191.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.