## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CLIFFORD JOE GRAHAM,
*Defendant-Appellant.*

Marion County Circuit Court
13C42008; A156018

360 P3d 1289

Peter Gartlan, Chief Defender, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

PER CURIAM

## PER CURIAM

In this criminal case, defendant was convicted of four counts of sexual abuse in the first degree and, because he had been sentenced for first-degree sexual abuse twice before, he received a sentence of life without parole on each of the four counts pursuant to ORS 137.719. On appeal, defendant challenges those sentences, asserting that they were unconstitutionally disproportionate to the conduct for which he was convicted. We reject those challenges without further discussion. Defendant also challenges the $8,000 in court-appointed attorney fees that the trial court imposed for one of his convictions. Defendant did not object to the fees in the trial court, but he asserts that we should reverse them as plain error. *See* ORAP 5.45(1) (authorizing plain error review). The state concedes that the trial court committed plain error by imposing the fees. We agree with the parties that the trial court committed plain error by imposing the fees, because the record is insufficient to support a finding that defendant "is or may be able to pay" the fees, as required by ORS 151.505(3) and ORS 161.665(4), and we conclude that it is appropriate for us to exercise our discretion to correct the error, for the same reasons as we have in similar cases. *See, e.g., State v. Coverstone*, 260 Or App 714, 716-17, 320 P3d 670 (2014) (reversing as plain error the trial court's imposition of $8,000 in court-appointed attorney fees on a defendant who was sentenced to 375 months in prison when the record was silent regarding the defendant's ability to pay the fees and noting that "the error is grave" and "this is not a case where, had it been altered to the issue, the trial court could easily have determined that defendant could or would be able to pay the fees" because "[t]he record contains no evidence of any financial resources available to defendant").

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.