On appellants' petition for reconsideration filed March 18, and on respondent's petition for reconsideration filed March 22, reconsideration allowed, former opinion (276 Or App 652, 368 P3d 821) clarified and adhered to as clarified July 27; petitions for review allowed December 8, 2016 (360 Or 697)
See later issue Oregon Reports

Robert LAW,
on behalf of
the Robert M. Law Profit Sharing Plan,
*Plaintiff-Respondent,*

*v.*

Ronald ZEMP,
*Defendant,*

*and*

FOREVER YOUNG OREGON, LLC;
The Ron Zemp Family 1 Limted Partnership;
The Ron Zemp Family 2 Limited Partnership;
The Ron Zemp 3 Family Limited Partnership;
and The Ron Zemp 4 Family Limited Partnership,
*Other-Appellants.*

Washington County Circuit Court
C121752CV; A153071

381 P3d 1099

Natalie C. Scott and The Scott Law Group for appellants' petition.

Bruce H. Orr and Wyse Kadish, LLP, for respondent's petition.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

## PER CURIAM

Appellants and respondent have petitioned for reconsideration of our decision in *Law v. Zemp*, 276 Or App 652, 368 P3d 821 (2016). In that decision, we concluded that certain provisions of a challenged charging order exceeded the trial court's authority under the applicable statutes. As a consequence, we vacated the order and remanded for further proceedings below. For the reasons explained below, we grant reconsideration to clarify a point regarding our standard of review.

In our opinion, we held that "the imposition of [two of the challenged] provisions was beyond the court's discretion" as those provisions applied to the limited partnerships. *Law*, 276 Or App at 669. Noting our use of the word "discretion," respondent argues on reconsideration that we erroneously reviewed the imposition of those conditions for abuse of discretion. Appellants also have noted our use of the word "discretion," and have requested that we clarify our standard of review on that point. We grant that request.

Our holding that the challenged provisions were invalid was predicated on our conclusion that the court imposed those conditions without first making the determination required by statute as prerequisite to the imposition of such provisions. The trial court was authorized to impose the orders included in those provisions only if they were ones that "the judgment debtor might have made" or, alternatively, were ones "that the circumstances of the case may require." ORS 67.205. We concluded that the imposition of the provisions was not authorized by statute (and, therefore, outside the court's discretion) because the record did not demonstrate that the conditions were ones that the judgment debtor might have made, or that the trial court otherwise made a predicate determination that the circumstances of the case "may require" those provisions. *Law*, 276 Or App at 669. Although we used the word "discretion" in the sentence summarizing our holding, our conclusion was that the court legally erred by imposing the provision in a manner that did not comport with the statute. *See, e.g., State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (trial court committed legal error when it imposed attorney fees

without first making statutorily-required finding regarding defendant's ability to pay).

We have considered the other arguments presented in both petitions for reconsideration and reject those arguments without written discussion.[1]

Reconsideration allowed; former opinion clarified and adhered to as clarified.

---

[1] In his petition for reconsideration, respondent points out that our opinion as originally issued incorrectly identified counsel for respondent. We have corrected that inaccuracy so that the official version of the opinion correctly reflects the identity of respondent's counsel.