Argued and submitted March 9; portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed April 5, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DILLON JAMES REEDY,
*Defendant-Appellant.*

Washington County Circuit Court
C150122CR; A160355

393 P3d 275

Meredith Allen, Deputy Public Defender, argued the cause for appellant. With her on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Adam W. Holbrook, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General.

Before Duncan, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

## PER CURIAM

In this criminal case, defendant appeals the trial court's judgment of conviction and sentence. On appeal, defendant raises three assignments of error. For the reasons explained below, we reverse the portion of the judgment requiring defendant to pay court-appointed attorney fees, and we otherwise affirm.

Defendant's first two assignments of error concern the state's introduction of medical records, and we reject those assignments on the ground that, even assuming that the trial court erred, defendant has failed to establish that any error was prejudicial. *See* Or Const, Art VII (Amended), § 3 (requiring affirmance if the judgment appealed from "was such as should have been rendered in the case"); *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (holding that evidentiary error is not reversible error if it is harmless, that is, if there is "little likelihood that the error affected the verdict").

In his third assignment of error, defendant, who was sentenced to a total of 150 months in prison, challenges the trial court's imposition of $6,969.68 in court-appointed attorney fees, asserting that the court had no authority to impose the fees "in the absence of evidence of defendant's ability to pay." *See* ORS 151.505(3) (providing that a court may not order a defendant to pay court-appointed attorney fees "unless the person is or may be able to pay" the fees); ORS 161.665(4) (same); *State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012) (holding that a court may not impose court-appointed attorney fees when the record "is silent regarding the defendant's ability to pay those fees"). Defendant did not object to the fees in the trial court. On appeal, he asserts that imposition of the fees is an "error apparent on the record," *see* ORAP 5.45(1) (providing for review of such errors); *State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that imposition of court-appointed attorney fees constitutes plain error where the record is silent as to the defendant's ability to pay), and he asks that we exercise our discretion to correct it, *see Coverstone*, 260 Or App at 717 (exercising discretion to reverse imposition of $8,000 in court-appointed attorney fees

on the defendant, who had been sentenced to 375 months in prison); *State v. Wells*, 269 Or App 528, 529, 345 P3d 498, *rev den*, 357 Or 551 (2015) (exercising discretion to reverse imposition of $1,600 in court-appointed attorney fees on the defendant, who had been sentenced to 70 months in prison). The state concedes that, because the record is "effectively silent regarding the defendant's ability to pay" the fees, the trial court plainly erred in imposing them. We accept defendant's argument and the state's concession, and, for the same reasons expressed in *Coverstone* and *Wells*, we exercise our discretion to correct the erroneous imposition of the fees. *Coverstone*, 260 Or App at 717 (exercising discretion to reverse imposition of court-appointed attorney fees based on the defendant's indigence, the amount of the fees, the length of the defendant's prison sentence, and the absence of evidence upon which the fees could be imposed); *Wells*, 269 Or App at 529 (same).

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.