PER CURIAM
*779 Defendant appeals a judgment of conviction for two counts of identity theft, ORS 165.800. She was sentenced to concurrent 30-month prison terms on those counts, and ordered to pay, among other amounts, $381 in court-appointed attorney fees. On appeal, defendant asserts that the trial court plainly erred by imposing attorney fees in the absence of evidence that she "is or may be able to pay" the fees. See ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); see also ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). The state concedes that the trial court erred by imposing the attorney fees when nothing in the record establishes that defendant has or will have an ability to pay them. We agree and accept the state's concession. See State v. Coverstone , 260 Or. App. 714, 716, 320 P.3d 670 (2014) (a trial court commits plain error by imposing court-appointed attorney fees where the record is *1185 silent as to the defendant's ability to pay those fees). Furthermore, we conclude that the gravity of the error weighs in favor of correcting it and that it is appropriate to exercise our discretion to do so. See State v. Hunt , 271 Or. App. 347, 353, 350 P.3d 521 (2015) (gravity of error weighed in favor of correcting it when the defendant was sentenced to 14 months in prison and record contained no evidence that he had a source of income or had or would have the capacity to pay the fees).
Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.