PER CURIAM
*84 Defendant appeals a judgment of conviction for third-degree robbery, ORS 164.395, and second-degree theft, ORS 164.045. As a result of those convictions, defendant was sentenced to 26 months in prison, followed by 24 months of post-prison supervision.[1] The court also imposed court-appointed attorney fees in the amount of $567. On appeal, defendant challenges the trial court's imposition of court-appointed attorney fees.
Defendant asserts that the trial court plainly erred in imposing attorney fees in the absence of evidence that he "is or may be able to pay" them. See ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."); see also ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may, in its discretion, consider a plain error."); State v. Coverstone , 260 Or. App. 714, 716, 320 P.3d 670 (2014) (a trial court commits plain error when it imposes count-appointed attorney fees in the absence of evidence of the defendant's ability to pay those fees). Defendant points out that the record in this case "reveals only that [he] was homeless, heading to prison, and qualified for court-appointed counsel." The state concedes that, under the circumstances, it was plain error for the trial court to impose attorney fees. We agree, and accept the state's concession. See *485 State v. Hunt , 271 Or. App. 347, 350 P.3d 521 (2015) (concluding the court plainly erred in imposing court-appointed attorney fees in the amount of $510 in the absence of evidence of defendant's ability to pay those fees).
Furthermore, for the reasons articulated in Coverstone , 260 Or. App. at 716-17, 320 P.3d 670, we conclude that it is appropriate to exercise our discretion to correct the trial *85 court's plain error. In particular, in light of all of the circumstances, the gravity of the error weighs in favor of correcting it. See id. ; see also Hunt , 271 Or. App. at 353, 350 P.3d 521 (exercising discretion to correct plain error in imposing court-appointed attorney fees in similar circumstances). Accordingly, we reverse the portion of the judgment requiring defendant to pay $567 in attorney fees.
Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.

In particular, defendant was sentenced to 26 months in prison and 24 months of post-prison supervision on the robbery conviction. On the theft conviction, the court imposed a 90-day jail sentence to run concurrently with the sentence on the robbery conviction.