Argued and submitted October 2, remanded for entry of a judgment omitting the $500 unitary assessment on the menacing conviction; otherwise affirmed October 30, 2013, petition for review denied January 30, 2014 (354 Or 735)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## KENNETH NICHOLAS ROWLING,
*Defendant-Appellant.*

Marion County Circuit Court
12C43012; A151529

313 P3d 386

Jason E. Thompson argued the cause for appellant. With him on the briefs was Ferder Casebeer French & Thompson, LLP.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Hadlock, Judge, and Edmonds, Senior Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals a judgment convicting him of unlawful use of a weapon, ORS 166.220, and menacing, ORS 163.190, raising three assignments of error. We reject without discussion defendant's two assignments of error raised in his supplemental brief and write only to address the single assignment of error raised in his opening brief. In that assignment, defendant asserts that the trial court plainly erred in imposing a $500 unitary assessment on the menacing conviction because the statute that provided for that assessment was repealed effective January 1, 2012, before defendant committed the crimes in this case. *See former* ORS 137.290(2)(b) (2009), *repealed by* Or Laws 2011, ch 597, § 118; Or Laws 2012, ch 89, § 1; *see also* ORAP 5.45; *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (court has discretion to review unpreserved error of law apparent on the face of the record). The state agrees that the trial court committed plain error when it imposed the assessment because "no current statutory provision that applies to [defendant's] menacing conviction authorizes imposition of such an assessment." We agree and accept the state's concession. Furthermore, in light of the interests of the parties and the ends of justice in this case, we conclude that it is appropriate to exercise our discretion to correct the error in this case. *See Ailes*, 312 Or at 382 n 6; *see also State v. Quade*, 252 Or App 577, 578, 287 P3d 1278 (2012) (exercising discretion to correct plain error in imposing unitary assessment based on "the interests of the parties and the ends of justice"). Accordingly, the case must be remanded for the trial court to enter a judgment omitting the $500 unitary assessment.

Remanded for entry of a judgment omitting the $500 unitary assessment on the menacing conviction; otherwise affirmed.