STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CAMERON CARMICHAEL CRIMMINS,
*Defendant-Appellant.*

Washington County Circuit Court
C130526CR; A154631

341 P3d 750

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Gregory A. Rios, Assistant Attorney General, argued the cause for respondent. On the briefs were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Leigh A. Salmon, Assistant Attorney General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction, after a bench trial, for unlawful delivery of methamphetamine, ORS 475.890, and unlawful possession of methamphetamine, ORS 475.894, both as commercial drug offenses. He was sentenced to 58 months in prison and ordered to pay, among other amounts, $1,100 in court-appointed attorney fees. He first asserts that the trial court erred in admitting evidence of his nonverbal statement to police—*viz.*, nodding his head in response to an officer's question—after he had been *Mirandized*. That claim of error is unpreserved, and it does not constitute error apparent on the record. *See* ORAP 5.45(1) (authorizing appellate court to consider unpreserved error of law apparent on the record); *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (describing requirements for plain error review). Accordingly, we reject it without further discussion.

Defendant also contends that the trial court plainly erred in ordering him to pay $1,100 in court-appointed attorney fees without considering his ability to pay. The state concedes the error, and we agree. *See, e.g., State v. Chavez*, 263 Or App 187, 326 P3d 629, *rev den*, 356 Or 163 (2014) (holding that the imposition of court-appointed attorney fees is plain error where the record is silent as to the defendant's ability to pay the fees ordered); *State v. Coverstone*, 260 Or App 714, 320 P3d 670 (2014) (same). We also conclude, given the amount of the fees ordered, the length of defendant's prison term, and the lack of evidence in the record indicating that defendant would be able to pay the fees, that it is appropriate for us to exercise our discretion to correct the error in this case. *See, e.g., State v. Callentano*, 263 Or App 190, 191, 326 P3d 630 (2014) (exercising discretion to correct error under similar circumstances); *Chavez*, 263 Or App at 188 (same). *Cf. State v. Baco*, 262 Or App 169, 171, 324 P3d 491, *rev den*, 355 Or 751 (2014) (declining to exercise plain-error review where the court imposed $510 in attorney fees, the defendant's probationary sentence did not prevent him from working, and the defendant had agreed to the state's recommendation of the same amount of attorney fees with regard to a different charge sentenced at the same time).

Accordingly, we accept the state's concession, and we reverse that portion of the judgment.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.