Submitted February 6, portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed April 1, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HEATHER LYNN FLEET,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1301807; A156101

347 P3d 345

Peter Gartlan, Chief Defender, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael A. Casper, Senior Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for five counts of unlawful delivery of heroin. ORS 475.850. She was sentenced to 60 months in prison and ordered to pay, among other amounts, $980 in court-appointed attorney fees. She contends that the trial court plainly erred in ordering her to pay those court-appointed attorney fees without considering her ability to pay. The state concedes that the trial court plainly erred by imposing attorney fees in the absence of evidence regarding defendant's ability to pay those fees. We agree. *See State v. Chavez*, 263 Or App 187, 326 P3d 629, *rev den*, 356 Or 163 (2014) (the imposition of court-appointed attorney fees is plain error where the record is silent as to the defendant's ability to pay those fees); *State v. Coverstone*, 260 Or App 714, 320 P3d 670 (2014) (same). Furthermore, for the reasons articulated in *Coverstone*, we conclude that it is appropriate to exercise our discretion to correct the plain error. In particular, the error is grave in light of the amount of fees ordered, the length of defendant's prison term, and the lack of evidence in the record suggesting that defendant would be able to pay the fees. *See Coverstone*, 260 Or App at 716-17; *see also State v. Crimmins*, 267 Or App 316, 317, 341 P3d 750 (2014) (exercising discretion to correct plain error under similar circumstances). Accordingly, we accept the state's concession, and reverse that portion of the judgment.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.