Submitted April 21; in Case Numbers 12C42569 and 12C47452, portions of judgments requiring defendant to pay court-appointed attorney fees reversed, otherwise affirmed May 28, petition for review denied November 30, 2015

(358 Or 374)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JONNY DEWAYNE HELMS,
aka Johnny Dewayne Helms,
*Defendant-Appellant.*

Marion County Circuit Court
12C42569, 12C47452;
A155275 (Control), A155276

350 P3d 606

Peter Gartlan, Chief Defender, and Ernest G. Lannet, Chief Deputy Defender, Office of Public Defense Services, filed the opening brief for appellant. Johnny Dewayne Helms filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

PER CURIAM

**PER CURIAM**

In this consolidated case, defendant appeals judgments of conviction for one count of criminal mistreatment in Case Number 12C42569 and five counts of first-degree sexual abuse in Case Number 12C47452. He was sentenced to terms of incarceration totaling 216 months and ordered to pay, among other amounts, a total of $8,510 in court-appointed attorney fees. He contends that the trial court plainly erred in ordering him to pay those court-appointed attorney fees in the absence of any evidence in the record to support a finding that he was or might be able to pay.[1] The state concedes that the trial court plainly erred by imposing attorney fees where the record was silent regarding defendant's ability to pay those fees. We agree. *See State v. Chavez*, 263 Or App 187, 326 P3d 629, *rev den*, 356 Or 163 (2014) (the imposition of court-appointed attorney fees is plain error where the record is silent as to the defendant's ability to pay those fees); *State v. Coverstone*, 260 Or App 714, 320 P3d 670 (2014) (same). Furthermore, for the reasons articulated in *Coverstone*, we conclude that it is appropriate to exercise our discretion to correct the plain error. In particular, the error is grave in light of the amount of fees ordered, the length of defendant's prison term, and the lack of evidence in the record suggesting that defendant might be able to pay the fees. *See Coverstone*, 260 Or App at 716-17; *see also State v. Crimmins*, 267 Or App 316, 317, 341 P3d 750 (2014) (exercising discretion to correct plain error under similar circumstances). Accordingly, we accept the state's concession, and reverse the portions of the judgments relating to attorney fees.

In Case Numbers 12C42569 and 12C47452, portions of judgments requiring defendant to pay court-appointed attorney fees reversed; otherwise affirmed.

---

[1] Defendant raises a number of additional assignments of error in a *pro se* supplemental brief. We reject those assignments without discussion.