STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHELDON LEE JOHNSON,
*Defendant-Appellant.*

Marion County Circuit Court
13C41498; A154832

353 P3d 596

Peter Gartlan, Chief Defender, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Karla H. Ferrall, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for first-degree sexual abuse, ORS 163.427. He was sentenced to 75 months in prison and 45 months' post-prison supervision. We reject defendant's first assignment of error without written discussion, and write to address only his second assignment of error regarding court-appointed attorney fees. Defendant argues that the trial court committed plain error when it ordered him to pay $1,600 in court-appointed attorney fees without first considering his ability to pay. The state agrees that "the record is devoid of any evidence regarding defendant's ability to pay, now or in the future," and, should we exercise our discretion to review the error, also concedes that reversal of the fee award is appropriate. We agree that the trial court committed plain error when it ordered defendant to pay $1,600 in court-appointed attorney fees without considering his ability to pay. *State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that imposition of court-appointed attorney fees is plain error when the record is silent as to the defendant's ability to pay the fees ordered). We also conclude that it is appropriate to exercise our discretion in this case to correct that error for the reasons stated in *State v. Fleet*, 270 Or App 246, 247, 347 P3d 345 (2015) (reversing as plain error $980 in court-appointed attorney fees based on the amount of fees, five-year prison term, and lack of evidence in the record suggesting that defendant would be able to pay the fees). Accordingly, we reverse that portion of the judgment.

Portion of judgment requiring defendant to pay court-appointed attorney fees reversed; otherwise affirmed.