Submitted October 28, portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed December 2, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTIAN JAIR PEREZ-MORALES,
*Defendant-Appellant.*

Washington County Circuit Court
C132843CR; A156226

362 P3d 1212

Peter Gartlan, Chief Defender, and Joshua B. Crowther, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

PER CURIAM

**PER CURIAM**

Defendant was convicted of first-degree assault and unlawful use of a weapon, and he was sentenced to 90 months' imprisonment. On appeal, defendant's sole assignment of error challenges the trial court's imposition of court-appointed attorney fees. Although defendant was represented at trial by retained counsel, he initially had been represented by court-appointed counsel; and, for those court-appointed services, the trial court ordered defendant to pay $1,800. Defendant did not object to the imposition of those fees but argues that the trial court committed plain error by imposing them without first considering his ability to pay. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them.").

In response, the state argues that the trial court's imposition of fees was not error, let alone plain error, because the record includes evidence that defendant graduated from high school and had the resources to retain counsel in this case—facts that, according to the state, support an inference that defendant has the ability to pay an attorney-fee award. However, those facts do not support a nonspeculative finding that defendant has, or may in the future have, the financial resources to pay an attorney-fee award. There is no evidence regarding whether defendant himself had paid for his retained counsel, and, even assuming that he had, there is no evidence regarding what remaining resources he had after doing so; nor is there any evidence regarding defendant's employment history.

On this record, the trial court plainly erred in imposing the attorney fees, and, for the reasons set forth in *State v. Fleet*, 270 Or App 246, 247, 347 P3d 345 (2015) (reversing as plain error $980 in court-appointed attorney fees based on the amount of fees, 60-month prison term, and lack of evidence in the record suggesting that defendant would be able to pay the fees), we exercise our discretion to correct the error.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.