Submitted November 17, portion of judgment requiring defendant to pay
attorney fees reversed, otherwise affirmed December 30, 2015

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## BENITO JUAREZ-HERNANDEZ,
*Defendant-Appellant.*

Washington County Circuit Court
C132448CR; A157764

365 P3d 697

Ernest G. Lannet, Chief Defender, Criminal Appellate
Section, and Eric Johansen, Deputy Public Defender, Office
of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce,
Solicitor General, and Michael A. Casper, Assistant Attorney
General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Judge,
and Allen, Judge pro tempore.

PER CURIAM

## PER CURIAM

Defendant was convicted, after a bench trial, of one count of sexual abuse in the first degree, ORS 163.427 (Count 1), and sentenced to 75 months' imprisonment.[1] Among other terms, he also was ordered to pay $1,144 in court-appointed attorney fees. On appeal, he assigns error to the imposition of attorney fees. He acknowledges that he did not preserve his claim of error but contends that we should exercise our discretion under ORAP 5.45(1) to correct it as plain error, as we have done in similar circumstances, because the record contains no evidence to support a finding that defendant "is or may be able" to pay the fees. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). The state concedes that the imposition of fees was plainly erroneous under our decision in *State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012) ("A court cannot impose fees based on pure speculation that a defendant has funds to pay the fees or may acquire them in the future."). We agree and accept the state's concession. Furthermore, for the reasons stated in *State v. Coverstone*, 260 Or App 714, 717, 320 P3d 670 (2014)—*viz.*, the gravity of the error, the length of defendant's prison term, and the lack of any evidence of financial resources—we conclude that it is appropriate to exercise our discretion to correct the error in this case. *See also, e.g., State v. Fleet*, 270 Or App 246, 347 P3d 345 (2015) (reversing as plain error $980 in court-appointed attorney fees based on amount of fees, 60-month prison term, and lack of evidence in the record suggesting that defendant would be able to pay the fees).

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.

---

[1] The court acquitted defendant of another count of first-degree sexual abuse (Count 2) and dismissed a third count of the same offense (Count 3) on the state's motion at the close of the state's case.