STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HERACLIO GONZALEZ-CRISTIN,
*Defendant-Appellant.*

Marion County Circuit Court
13C43230; A156529

366 P3d 1210

Peter Gartlan, Chief Defender, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Peenesh H. Shah, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

PER CURIAM

## PER CURIAM

Defendant was found guilty of first-degree sexual abuse and first-degree rape, and the court merged the guilty verdicts into a single conviction for first-degree rape. The court then sentenced defendant to 100 months' imprisonment and ordered him to pay $1,600 in court-appointed attorney fees. On appeal, defendant assigns error to the trial court's giving of an instruction that allowed the jury to reach a nonunanimous verdict, and to the court's imposition of court-appointed attorney fees. We write only to address the latter assignment; the former is foreclosed by our decision in *State v. Bowen*, 215 Or App 199, 168 P3d 1208 (2007), *adh'd to as modified on recons*, 220 Or App 380, 185 P3d 1129, *rev den*, 345 Or 415 (2008), *cert den*, 558 US 815 (2009).

With regard to court-appointed attorney fees, defendant concedes that he did not object to the imposition of those fees but argues that the trial court committed plain error by imposing them, because there is no evidence in the record that he is or may be able to pay them. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). The state concedes that the court erred in that regard and that we should exercise our discretion to correct the error. We agree with the state's concession, and, for the reasons set forth in *State v. Fleet*, 270 Or App 246, 247, 347 P3d 345 (2015) (reversing as plain error $980 in court-appointed attorney fees based on the amount of fees, 60-month prison term, and lack of evidence in the record suggesting that defendant would be able to pay the fees), we exercise our discretion to correct the error.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.