Submitted January 27, portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed February 24, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL GLEN BROOME, JR.,
*Defendant-Appellant.*

Washington County Circuit Court
C132111CR; A156908

368 P3d 77

Peter Gartlan, Chief Defender, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Dustin Buehler, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted after a jury trial of four counts of robbery in the first degree with a firearm, ORS 164.415 (Counts 1-4); four counts of unlawful use of a weapon with a firearm, ORS 166.220(1)(a) (Counts 5-8); theft in the first degree, ORS 164.055 (Count 9); and felon in possession of a firearm, ORS 166.270 (Count 10).[1] He was sentenced to a total of 173 months in prison; the court also ordered defendant to pay $1,000 in court-appointed attorney fees. On appeal, he raises three assignments of error. In his first two assignments, defendant contends that the trial court plainly erred by instructing the jury that it could find defendant guilty by nonunanimous verdicts, and by accepting the jury's nonunanimous verdicts. Those arguments are foreclosed by *State v. Bowen*, 215 Or App 199, 168 P3d 1208 (2007), *adh'd to as modified on recons*, 220 Or App 380, *rev den*, 345 Or 415 (2008), *cert den*, 558 US 815 (2009), and we reject them without further discussion.

In his third assignment, defendant challenges the court's imposition of $1,000 in attorney fees, contending that the court erred in ordering payment of those fees without determining his ability to pay them. Defendant contends that he adequately preserved that assignment; in the alternative, he contends that we should correct the error as "plain error." ORAP 5.45(1) (appellate court has discretionary authority to review an unpreserved error of law that is apparent on the record). The state disputes that the error is preserved, but concedes that "[d]efendant's failure to preserve his argument does not matter" because the error constitutes plain error and we should therefore reverse the attorney-fee portion of the judgment. We agree with the parties that the trial court plainly erred in ordering payment of attorney fees in this case, because the record was silent regarding defendant's ability to pay them. *State v. Coverstone*, 260 Or App 714, 320 P3d 670 (2014) (holding that the imposition of court-appointed attorney fees is plain error where the record is silent as to the defendant's ability to pay the fees ordered). Given the amount of attorney fees

---

[1] The trial court merged the guilty verdicts in Counts 5-8 with the guilty verdicts in Counts 1-4.

ordered, the length of defendant's prison term, and the lack of evidence in the record suggesting that defendant would be able to pay the fees, we further agree that it is appropriate for us to exercise our discretion to correct the error. *See, e.g., State v. Crimmins*, 267 Or App 316, 341 P3d 750 (2014) (reversing as plain error imposition of $1,100 in attorney fees where defendant was sentenced to 58 months in prison and there was no evidence in the record regarding defendant's ability to pay the fees). Accordingly, we accept the state's concession and reverse that portion of the judgment.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.