Submitted February 18, portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed March 30, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GEORGE AARON CLINE,
*Defendant-Appellant.*

Washington County Circuit Court
C140519CR; A157163

370 P3d 923

Peter Gartlan, Chief Defender, Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Susan G. Howe, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

PER CURIAM

## PER CURIAM

In this criminal appeal, defendant challenges his convictions for assault, strangulation, and harassment, for which he received a 70-month prison term. We write only to address defendant's contention that the trial court plainly erred in requiring him to pay court-appointed attorney fees of $1,858. The state concedes that the trial court erred, because the record is silent as to whether defendant "is or may be able" to pay those fees. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."); *see also State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that it is plain error for a trial court to require a defendant to pay court-appointed attorney fees in the absence of legally sufficient evidence that the defendant has the ability to pay the amount imposed). We agree that the trial court plainly erred and, for the reasons set forth in *State v. Fleet*, 270 Or App 246, 247, 347 P3d 345 (2015) (exercising discretion to correct as plain error imposition of $980 in court-appointed attorney fees where the record contained no evidence of the defendant's ability to pay and the defendant was sentenced to a five-year prison term), we exercise our discretion to correct the error.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.