Submitted January 26, portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed April 13, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHARLES EDWARD MICKOW,
*Defendant-Appellant.*

Washington County Circuit Court
D131862M; A157024

371 P3d 1275

Peter Gartlan, Chief Defender, and Lindsey Burrows, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

LAGESEN, J.

## LAGESEN, J.

On appeal from a judgment of conviction for harassment and fourth-degree assault, defendant assigns error to (1) the trial court's denial of his pretrial motion to exclude certain anticipated testimony as cumulative under OEC 403 and (2) the trial court's decision to order defendant to pay court-appointed attorney fees without making the predicate factual findings required by statute for the imposition of an attorney-fee obligation. We reject defendant's first assignment of error without written discussion. As to defendant's second assignment of error, we conclude that the trial court erred by imposing an obligation to pay court-appointed attorney fees on defendant without making the determination required by statute for the imposition of that obligation. Accordingly, we reverse the portion of the judgment requiring defendant to pay court-appointed attorney fees, but otherwise affirm.

By way of background, two statutes authorize a trial court to order a convicted criminal defendant to repay the costs of court-appointed counsel to the state: ORS 151.505 and ORS 161.665. To invoke that authority, the trial court must make a predicate determination that a criminal defendant "is or may be able to pay" the fees. ORS 151.505(3); ORS 161.665(4). Absent that determination, those statutes, by their terms, prohibit a court from requiring a defendant to pay fees. ORS 151.505(3) says, "The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs." ORS 161.665(4) says virtually the same thing: "The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them." If a trial court does not make the predicate determination that the defendant "is or may be able to pay" court-appointed attorney fees, then the court "lacks authority" to order the defendant to pay them. *State v. Kanuch*, 231 Or App 20, 24, 217 P3d 1082 (2009).

When a trial court's decision to require a defendant to pay court-appointed attorney fees is challenged on appeal, we review that decision to determine whether the trial court complied with the applicable procedures for awarding such fees. *Bacote v. Johnson*, 333 Or 28, 34, 35 P3d 1019 (2001)

(reviewing the record to determine whether it indicated that the trial court complied with the applicable statutory requirements in awarding fees where post-conviction petitioner challenged award of fees on the ground that the trial court had not complied with applicable procedures). Where the trial court complied with those procedures and, in fact, made a finding that a defendant "is or may be able to pay" the awarded fees, we review that finding to determine whether the evidence in the record is legally sufficient to support that finding. *State v. Below*, 264 Or App 384, 387, 332 P3d 329 (2014) (describing process for reviewing trial court's determination that a defendant "is Or may be able to pay" fees).

In this appeal, the issue is whether the trial court complied with applicable procedures in awarding fees. The facts pertinent to our review are few. Defendant was charged with three criminal offenses. The trial court determined that defendant was financially eligible for court-appointed counsel, and appointed counsel to represent him. Following a jury trial, defendant was convicted of two of the charged offenses (harassment and fourth-degree assault) and acquitted of the third (interfering with making a report). At sentencing, the state asked that the trial court order defendant to "pay all the fines and fees," but did not introduce any evidence of defendant's actual or potential financial resources. The trial court ultimately sentenced defendant to 18 months' probation, and assessed $416 in court-appointed attorney fees and a sum of $200 in criminal fines. Defendant told the court that it first needed to make findings in order to require defendant to pay attorney fees, but the court did not do so:

"[DEFENSE COUNSEL]: I believe Your Honor's required to make findings (indiscernible) attorneys' fees. Court-appointed attorneys' fees, excuse me.

"THE COURT: All right. Thank you. Good luck to you, [defendant]."

The question for us is whether the trial court erred in imposing fees in the way that it did. Defendant argues that the applicable statutes required the court to find that defendant "is or may be able to pay" fees in order to award them, and that the trial court erred by not making those

"statutorily-mandated findings." In response, the state does not dispute that the trial court was required to determine whether defendant "is or may be able to pay" fees as a prerequisite to awarding fees, but contends that the trial court did not err because "[n]othing in either [ORS 151.505 or ORS 161.665] requires a court to make express findings on any matter in determining whether a defendant is or may be able to pay attorney fees."

We conclude that the trial court erred. Although the state may be correct that the applicable statutes do not require a trial court's finding regarding a defendant's present or future ability to pay fees to be express or take a particular form, the statutes do require that finding to be made. And our cases hold that a trial court errs as a matter of law if it orders a defendant to pay court-appointed attorney fees without making that required finding.[1] That necessarily means that, even if a trial court need not make an express finding that a defendant "is or may be able to pay" court-appointed attorney fees, for us to uphold an award of court-appointed attorney fees, the record must nonetheless permit the inference that the trial court did, in fact, comply with the applicable statutory requirements when awarding fees. In other words, when evaluating an award of court-appointed attorney fees, we do not assume that the trial court complied with applicable statutory procedures unless the record provides some affirmative support for that assumption. Where the record contains no affirmative indication that the trial court complied with the statutory requirements for imposing fees, we will conclude that the court did not, in fact, do so.

*State v. Coverstone*, 260 Or App 714, 320 P3d 670 (2014), illustrates that point. There, we concluded that the

---

[1] *See, e.g., State v. Johnson*, 271 Or App 696, 697, 353 P3d 596 (2015) ("We agree that the trial court committed plain error when it ordered defendant to pay $1,600 in court-appointed attorney fees without considering his ability to pay."); *State v. Williams*, 271 Or App 693, 694, 352 P3d 742 (2015) ("We agree with the parties that the trial court committed plain error when it ordered defendant to pay $550 in court-appointed attorney fees without considering his ability to pay."); *State v. Fleet*, 270 Or App 246, 247, 347 P3d 345 (2015) (trial court plainly erred when it ordered defendant to pay court-appointed attorney fees "without considering her ability to pay"); *State v. Ramirez-Hernandez*, 264 Or App 346, 347, 332 P3d 338 (2014) ("We have held that it is 'plain error' for a trial court not to comply with the requirement that it find that a defendant has the ability to pay fees before it imposes them.").

trial court erred—plainly—when it ordered the defendant to pay the costs of court-appointed counsel where the record contained no evidence that would permit the inference that the trial court had complied with the statutory procedures. Specifically, we reasoned that a record that is silent regarding a defendant's ability to pay fees demonstrates "that the trial court failed to comply with the statutory requirement that, before imposing attorney fees, it find that [the] defendant 'is or may be able to' pay the fees." *Id.* at 716 (quoting ORS 151.505 and ORS 161.665). In other words, because the record was devoid of anything indicating that the trial court had complied with the applicable statutes when awarding fees, we inferred that it had not done so and, consequently, that it had erred.

We note that this practice—that is, our practice of requiring that the record affirmatively support the inference that the trial court made the statutorily required finding that a defendant "is or may be able to pay" fees—is consistent with, and promotes, the constitutional function served by that finding. The requirement that a court determine a defendant's ability to pay the costs of court-appointed counsel before requiring a defendant to pay those costs is central to the constitutionality of Oregon's statutory scheme for recovering the costs of counsel from indigent defendants.

It is worth remembering that statutory schemes to recoup the costs of court-appointed counsel, including Oregon's, were constitutionally suspect when first enacted. After the United States Supreme Court held in *Gideon v. Wainwright*, 372 US 335, 83 S Ct 792, 9 L Ed 2d 799 (1963), that the Sixth and Fourteenth Amendments to the United States Constitution require a state to provide counsel to a criminal defendant who, because of indigency, cannot afford a lawyer, Oregon, like other states, took steps to comply with its constitutional obligations. But Oregon also did something else: It enacted a recoupment scheme permitting the state to recover the costs of court-appointed counsel from those defendants who had or developed the ability to pay those costs. *See* Or Laws 1971, ch 743, § 80. Subsequently, Oregon's scheme was challenged on multiple grounds, including that it impermissibly burdened a criminal defendant's ability to

exercise the constitutional right to appointed counsel recognized in *Gideon*.

That challenge ended up before the United States Supreme Court, which concluded that Oregon's scheme did not run afoul of *Gideon*. In reaching that conclusion, the Court reasoned that Oregon's scheme was "carefully designed to insure that only those who actually become capable of repaying the State will ever be obliged to do so." *Fuller v. Oregon*, 417 US 40, 53, 94 S Ct 2116, 40 L Ed 2d 642 (1974). In particular, the Court was persuaded that Oregon's scheme was constitutional because of the presence of multiple procedural safeguards designed to make sure that "the obligation to repay the State accrues only to those who later acquire the means to do so without hardship." *Id.* at 46. Among the safeguards that were pivotal to the Court's conclusion were the statutory requirements that the sentencing court must (1) determine that the defendant is or may be able to pay the fees; and (2) take the financial resources of the defendant into account, as well as the nature of the burden that the fee obligation would place on that person. *Id.* at 45, 53 n 12.

In this case, the record contains no indication that the trial court complied with one of the key safeguards in the statute: the requirement that it determine that defendant "is or may be able to pay" attorney fees before awarding them. When defendant pointed out that the court needed to make the required findings, the court did not state that it had made the findings, or proceed to make them. Beyond that, the trial record does not contain any evidence that would permit a finding that, at the time of sentencing, defendant had the present or future capacity to pay court-appointed attorney fees. Although defendant at sentencing referred to "having a job" and, at one point, described himself as a "labor-oriented employee," those references were contained in defendant's explanation as to why he had failed on probation in the past, and did not speak to defendant's current or future employment status, let alone what sort of income or other financial resources might be available to defendant. Moreover, other evidence at sentencing suggested that defendant was not working at the time and was, instead, either incarcerated or in residential treatment to address a drinking problem.

In sum, the record provides no basis for concluding that the trial court complied with the statutory requirements for imposing on defendant the obligation to pay court-appointed attorney fees. Under those circumstances, and consistently with *Coverstone*, we infer that the trial court did not, in fact, make the required finding and, further, that the court erred by failing to do so. We also conclude that the error is not harmless. As a result of the error, defendant is subject to an order to pay $416 in court-appointed attorney fees that the court lacked authority to impose. For that reason, we reverse the portion of the judgment requiring defendant to pay attorney fees.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.