STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SANTOS GIL JUAREZ,
*Defendant-Appellant.*

Washington County Circuit Court
C140102CR; A158234

374 P3d 960

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Susan Yorke, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for attempted murder, ORS 163.115; ORS 161.405; first-degree assault, ORS 163.185; second-degree assault, ORS 163.175; five counts of unlawful use of a weapon, ORS 166.220; and four counts of menacing, ORS 163.190. He was sentenced to 90 months in prison and ordered to pay, among other amounts, $1,800 in court-appointed attorney fees. Defendant raises two assignments of error on appeal. We reject defendant's first assignment of error without discussion, and write only to address his second assignment, in which he contends that the trial court plainly erred in ordering him to pay court-appointed attorney fees in the absence of evidence that he is or may be able to pay those fees. *See* ORS 151.505(3) (the court may not require a person to pay costs, including court-appointed attorney fees, "unless the person is or may be able to pay the costs"); ORS 161.665(4) (same). The state, for its part, "concedes that the trial court plainly erred in imposing $1,800 in attorney fees in the absence of evidence in the record indicating defendant's ability to pay." We agree. *See State v. Chavez*, 263 Or App 187, 188, 326 P3d 629, *rev den*, 356 Or 163 (2014) (the imposition of court-appointed attorney fees is plain error where the record is silent as to the defendant's ability to pay those fees); *State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (same). Furthermore, for the reasons articulated in *Coverstone*, we conclude that it is appropriate to exercise our discretion to correct the plain error. In particular, the error is grave in light of the amount of fees ordered, the length of defendant's prison term, and the lack of evidence in the record suggesting that defendant is or may be able to pay the fees. *See Coverstone*, 260 Or App at 716-17; *see also State v. Fleet*, 270 Or App 246, 247, 347 P3d 345 (2015) (exercising discretion to correct plain error under similar circumstances); *State v. Crimmins*, 267 Or App 316, 317, 341 P3d 750 (2014) (same). Accordingly, we accept the state's concession and reverse that portion of the judgment.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.