## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DAVID DANIEL VEGA-ARRIETA,
*Defendant-Appellant.*

Washington County Circuit Court
C132403CR; A157649

381 P3d 1049

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for four counts of sodomy in the first degree, ORS 163.405, and one count of sexual abuse in the first degree, ORS 163.427. He was sentenced to a total of 25 years in prison and lifetime post-prison supervision, and ordered to pay, among other amounts, $3,095 in court-appointed attorney fees. We write only to address defendant's assignments of error pertaining to the trial court's refusal to disclose to defendant certain confidential records after reviewing them *in camera* and the imposition of attorney fees.

Defendant sought pretrial discovery of confidential Department of Human Services (DHS) and CARES Northwest records pertaining to the victim, which, according to defendant, may have contained either exculpatory or impeachment evidence. The trial court subpoenaed the records and, after reviewing them *in camera*, ordered that they would not be disclosed to the parties. The trial court then sealed the records for appellate review. On appeal, defendant requests that we conduct a separate *in camera* review to determine whether the trial court erred when it refused to disclose the records. Having undertaken such a review, we conclude that the trial court did not err when it ordered that the records would not be disclosed to the parties.

Defendant also assigns error to the trial court's imposition of court-appointed attorney fees in the amount of $3,095. Defendant acknowledges that he did not preserve his claim of error but asks us to exercise our discretion under ORAP 5.45(1) to correct the error as plain error because the record contains no evidence to support a finding that defendant "is or may be able" to pay the fees. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). The state concedes that the imposition of fees was plainly erroneous. *See State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012) ("[A] court cannot impose attorney fees based on a record

that is silent regarding the defendant's ability to pay those fees."). We agree, accept the state's concession, and conclude that it is appropriate to exercise our discretion to correct the error in this case for the reasons stated in *State v. Fleet*, 270 Or App 246, 347 P3d 345 (2015) (reversing as plain error $980 in court-appointed attorney fees based on the amount of fees, five-year prison term, and absence of evidence in the record suggesting that the defendant would be able to pay the fees).

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.