Submitted December 19, 2016; portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed February 1, 2017

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ALEXANDER RICO ORTIZ,
*Defendant-Appellant.*

Washington County Circuit Court
C140213CR; A159047

388 P3d 1248

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for attempted first-degree rape, ORS 163.375, attempted first-degree sexual abuse, ORS 163.427, and fourth-degree assault, ORS 163.160. He was sentenced to a total of 30 months' imprisonment, with three years' post-prison supervision, and ordered to pay, among other obligations, $1,144 in court-appointed attorney fees. On appeal, he raises three assignments of error. We write to address only his third assignment, in which he contends that the trial court plainly erred in imposing $1,144 in court-appointed attorney fees without a basis in the record to determine that defendant had the ability to pay them, and we reject the other assignments without discussion.[1]

The state concedes that the court committed plain error when it imposed attorney fees in this case, because the record is devoid of evidence that defendant would be able to repay them. We agree and accept the state's concession. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that imposition of court-appointed attorney fees is plain error when the record is silent as to the defendant's ability to pay the fees ordered). Given the amount of attorney fees imposed, the length of defendant's prison term, and the fact that the record would not support a finding that defendant could pay those fees, we further conclude that it is appropriate for us to exercise our discretion to correct the error. *See, e.g., State v. Crimmins*, 267 Or App 316, 341 P3d 750 (2014) (reversing as plain error imposition of $1,100 in attorney fees where defendant was sentenced to 58 months in prison and there was no evidence in the record regarding defendant's ability to pay the fees). Accordingly, we reverse that portion of the judgment.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.

---

[1] In those assignments, defendant contends that the trial court erred (1) "when it prevented him from eliciting testimony about an attorney having told defendant not to speak to police officers," and (2) in not merging his convictions for attempted first-degree rape and attempted first-degree sexual abuse.