Submitted April 26; portion of judgment requiring defendant to pay extradition costs reversed, otherwise affirmed June 1; petition for review denied August 3, 2017 (361 Or 801)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## SELVYN JULIAN VELASQUEZ-OROZCO,
*Defendant-Appellant.*

Washington County Circuit Court
C141144CR; A160337

398 P3d 501

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and DeHoog, Judge, and Haselton, Senior Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for one count of first-degree sodomy, ORS 163.405, three counts of second-degree sodomy, ORS 163.395, and three counts of first-degree sexual abuse, ORS 163.427, raising two assignments of error. We reject without discussion defendant's second assignment of error, and write to address his first assignment of error. In that assignment, defendant, who was sentenced to a total of 325 months in prison, challenges the trial court's imposition of $2,030 in extradition costs.[1] He asserts that the court failed to make a finding regarding his ability to pay those costs and that, in any event, the record would not support a finding that he is or may be able to pay them. *See* ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."); *State v. Pendergrapht*, 251 Or App 630, 633, 284 P3d 573 (2012) (a court lacks authority to require a defendant to pay costs unless it has determined that the defendant is or may be able to pay them); *see also State v. Kanuch*, 231 Or App 20, 24, 217 P3d 1082 (2009) (the state "bears the burden of persuasion and the obligation to make a record" regarding a defendant's ability to pay costs). Although the asserted error in unpreserved, defendant urges us to review and correct it as plain error. *See* ORAP 5.45(1).

We agree with defendant that the record does not show that the state met its burden of demonstrating that he "is or may be able" to pay the costs and that, therefore, the trial court's error in imposing the costs was plain. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (the burden is on the state to prove that a defendant is or may be able to pay costs, and it is plain error to impose such costs in the absence of evidence of ability to pay); *see also State v. Hunt*, 271 Or App 347, 352, 350 P3d 521 (2015) (trial court plainly erred in imposing attorney fees where the record did

---

[1] Pursuant to ORS 161.665(1), "the court, only in the case of a defendant for whom it enters a judgment of conviction, may include in its sentence thereunder a money award for all costs specially incurred by the state in prosecuting the defendant." Under ORS 161.665(7), the court may include in the judgment "a money award requiring the defendant to pay the costs of extraditing the defendant to this state."

not demonstrate that the state met its burden of showing that the defendant "is or may be able" to pay).

Furthermore, we conclude that it is appropriate to exercise our discretion to correct the plain error under the circumstances of this case. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 382 n 6, 823 P2d 956 (1991). In our view, the error is grave in light of the substantial amount of costs ordered and the lengthy prison term to which defendant was sentenced. *See Coverstone*, 260 Or App at 716-17 (exercising discretion to correct error for similar reasons); *see also State v. Fleet*, 270 Or App 246, 247, 347 P3d 345 (2015) (exercising discretion to correct plain error under similar circumstances). Accordingly, we reverse the portion of the judgment requiring defendant to pay $2,030 in extradition costs.

Portion of judgment requiring defendant to pay extradition costs reversed; otherwise affirmed.