***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted September 2; portion of judgment requiring defendant to pay
extradition costs reversed, otherwise affirmed October 12, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA LEE TURNER,
*Defendant-Appellant.*

Washington County Circuit Court
D090331M; A176403

Ricardo J. Menchaca, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mark Kimbrell, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Portion of judgment requiring defendant to pay extradition costs reversed; otherwise affirmed.

**TOOKEY, P. J.**

Defendant was convicted of assault in the fourth degree constituting domestic violence and was sentenced to two years of probation. His probation was revoked in June 2021, and he was sentenced to six months in jail. The trial court also required defendant to pay $2,340.68 in extradition costs. Defendant raises one assignment of error, arguing that the trial court plainly erred by imposing the extradition costs without sufficient evidence that defendant was or may be able to pay those costs. ORS 161.665(4). The error is unpreserved, but defendant urges us to review and correct it as plain error.

The state concedes that the trial court erred in failing to address the question of whether defendant was or may be able to pay the imposed costs and concedes that the record contains insufficient evidence regarding defendant's ability to pay. The state further agrees that plain error review is appropriate under our case law. *See State v. Velasquez-Orozco*, 285 Or App 881, 882, 398 P3d 501, *rev den*, 361 Or 801 (2017). We agree with and accept the state's concession. Furthermore, we conclude that it is appropriate to exercise our discretion to correct the plain error under the circumstances of this case. In particular, the error is grave in light of the amount of costs ordered and the lack of evidence in the record suggesting that defendant would be able to pay the costs. *State v. Fleet*, 270 Or App 246, 247, 347 P3d 345 (2015) (considering, among other circumstances, amount of fees and lack of evidence in the record suggesting that defendant would be able to pay the fees in concluding that it is appropriate to exercise discretion to correct plain error).

Portion of judgment requiring defendant to pay extradition costs reversed; otherwise affirmed.