***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted March 17, portion of judgment requiring defendant to pay $2,107.54 in extradition costs reversed, otherwise affirmed September 7, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN ANTHONY NELSON,
*Defendant-Appellant.*

Washington County Circuit Court
19CR67534; A176930

Ricardo J. Menchaca, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JACQUOT, J.

Portion of judgment requiring defendant to pay $2,107.54 in extradition costs reversed; otherwise affirmed.

**JACQUOT, J.**

Defendant was convicted of two counts of fourth-degree assault constituting domestic violence, ORS 163.160, and one count of strangulation, ORS 163.187. Defendant absconded from probation, and after he was found in Missouri and returned to Oregon, the trial court revoked probation. The court sentenced defendant to 14 months of imprisonment and two years of post-prison supervision and ordered him to pay $2,107.54 in extradition costs. *See* ORS 161.665(7) (court may impose extradition costs). In one assignment of error, defendant argues that the trial court erred because it did not make findings regarding his ability to pay. ORS 161.665(4). The error is not preserved, and defendant asks that we review and correct it as plain error. We conclude that the imposition of extradition costs was plain error and reverse that portion of the judgment; we otherwise affirm.

To be plain and warrant consideration for correction, an unpreserved error must be "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If we determine the error is plain, we must then decide whether to exercise our discretion to correct it. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). A trial court may only order a defendant to pay costs if it determines, and the record supports, that the defendant "is or may be able" to pay such costs. ORS 161.665(4); *State v. Eshaia*, 253 Or App 676, 678, 291 P3d 805 (2012). A trial court does not need to make express findings about a defendant's ability to pay, but the record must contain affirmative evidence to support the implicit finding. *State v. Mickow*, 277 Or App 497, 500, 371 P3d 1275 (2016). We review a trial court's imposition of costs for legal error. *State v. Rowling*, 259 Or App 290, 291, 313 P3d 386 (2013), *rev den*, 354 Or 735 (2014).

Here, the trial court did not address defendant's ability to pay, and there is insufficient evidence in the record to show that defendant is or may be able to pay the costs. The state relies on defendant's young age, college

attendance, and incomplete training in welding, along with his travel to Missouri when he absconded, and the victim's statement that he bought new clothes and shoes upon his initial release from jail at some unspecified time before the sentencing hearing. There is no record of what defendant studied in school, how much of the welding training program he completed, whether he could return to that program, what it cost to travel to Missouri, or the cost of any clothing. Defendant was sentenced to prison, and there was no evidence of his available financial resources at the time of sentencing. Defendant will leave prison with a felony conviction in his criminal history. That evidence is insufficient to permit "an objective, nonspeculative assessment of the defendant's present or future capacity to pay" costs. *State v. Mendoza*, 286 Or App 548, 550, 401 P3d 288 (2017).

The error is grave considering defendant's prison term, the amount of costs ordered, and the absence of evidence in the record suggesting that defendant will be able to pay the costs. *See State v. Fleet*, 270 Or App 246, 247, 347 P3d 345 (2015) (exercising discretion to correct plain error considering, among other circumstances, amount of fees, prison term, and lack of evidence in the record suggesting that defendant would be able to pay the fees). Therefore, we will exercise our discretion to correct the error.

Portion of judgment requiring defendant to pay $2,107.54 in extradition costs reversed; otherwise affirmed.