No. 682     July 30, 2025     307

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KYLIE MARIE KOHL,
*Defendant-Appellant.*

Clackamas County Circuit Court
23CR41583; A184327

Ann M. Lininger, Judge.

Submitted June 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Portion of judgment requiring defendant to pay court-appointed attorney fees reversed, remanded for resentencing; otherwise affirmed.

**LAGESEN, C. J.**

Defendant pleaded guilty to bias crime in the first degree, ORS 166.165, and assault in the fourth degree, ORS 163.160. Pursuant to the plea agreement, the court imposed 60 months of probation on each count. The court imposed $761 in court-appointed attorney fees and the judgment provided that defendant pay any required per diem fees. The court-appointed attorney fees were imposed without making a finding that defendant had the ability to pay those fees. The per diem fee provision was not announced in open court at sentencing; it appeared for the first time in the judgment. The state concedes the errors. We agree with and accept the state's concessions. We reverse the provision imposing attorney fees and remand for resentencing.[1]

A trial court is authorized to impose a money award for court-appointed attorney fees upon a defendant's conviction when the court makes a predicate determination that "the defendant is or may be able to pay" court-appointed attorney fees. ORS 151.505(3); ORS 161.665(4). The record must contain affirmative evidence to support such a finding, and a trial court errs as a matter of law if it orders a defendant to pay court-appointed attorney fees without making that finding. *State v. Mickow*, 277 Or App 497, 500, 371 P3d 1275 (2016). The trial court plainly erred in imposing attorney fees because the record does not support a finding that defendant has the ability to pay the fees. *E.g. State v. Mendoza*, 286 Or App 548, 552-53, 401 P3d 288 (2017). Accordingly, we reverse the portion of the judgment requiring defendant to pay court-appointed attorney fees.

"A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (internal citations omitted). Here, the trial court erred in imposing the requirement to pay a per diem fee in the judgment because it was not announced at sentencing, and the appropriate remedy is a remand for resentencing. *See State v. Barr*, 331 Or App 242,

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

244, 545 P3d 772, *rev den*, 372 Or 720 (2024) (remanding for resentencing when requirement to pay per diem fees was not announced in open court at sentencing).

Portion of judgment requiring defendant to pay court-appointed attorney fees reversed, remanded for resentencing; otherwise affirmed.