Submitted March 29, portion of judgment requiring defendant to pay attorney fees reversed, otherwise affirmed May 11, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS MARVIN BAKER,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1100324; A157830

372 P3d 626

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Susan G. Howe, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for first-degree theft, ORS 164.055, identity theft, ORS 165.800, and failure to report as a sex offender, ORS 163A.040. He was sentenced to 24 months in prison and ordered to pay, among other amounts, $510 in court-appointed attorney fees. On appeal, he contends that the trial court plainly erred in ordering him to pay court-appointed attorney fees in the absence of evidence that he is or may be able to pay those fees.[1] *See* ORS 151.505(3) (the court may not require a person to pay costs, including court-appointed attorney fees, "unless the person is or may be able to pay the costs"); ORS 161.665(4) (same). The state concedes that the trial court plainly erred by imposing $510 in attorney fees when the record was silent as to defendant's ability to pay them. We agree. *See State v. Chavez*, 263 Or App 187, 188, 326 P3d 629, *rev den*, 356 Or 163 (2014) (the imposition of court-appointed attorney fees is plain error where the record is silent as to the defendant's ability to pay those fees); *State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (same). Furthermore, for the reasons articulated in *Coverstone*, we conclude that it is appropriate to exercise our discretion to correct the plain error. In particular, the error is grave in light of the amount of fees ordered, the length of defendant's prison term, and the lack of evidence in the record suggesting that defendant would be able to pay the fees. *See Coverstone*, 260 Or App at 716-17; *see also State v. Hunt*, 271 Or App 347, 352-53, 350 P3d 521 (2015) (exercising discretion to correct plain error under similar circumstances). Accordingly, we accept the state's concession, and we reverse that portion of the judgment.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.

---

[1] In his brief, defendant also raised two other assignments of error on appeal. However, he withdrew those assignments before the case was submitted.