Submitted December 21, 2016; remanded for entry of a corrected judgment deleting all references to the "constituting domestic violence" element, portion of the judgment requiring defendant to pay attorney fees reversed, otherwise affirmed January 25, 2017

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JAMES FRANKLIN NEIGHBORS,
*Defendant-Appellant.*

Polk County Circuit Court
13P3108; A158111

388 P3d 1250

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

## PER CURIAM

In this criminal case, the trial court entered a judgment convicting defendant of first-degree criminal mistreatment "constituting domestic violence." *See* ORS 132.586.[1] The court sentenced defendant to 48 months in prison and ordered him to pay $510 in court-appointed attorney fees. Defendant appeals, challenging the court's designation of the crime as a crime "constituting domestic violence" and the court's imposition of attorney fees.[2]

The state concedes that the "trial court's insertion of the phrase 'constituting domestic violence' in Count 1 of the judgment of conviction appears to be a clerical error," noting that "the record appears to reflect a stipulation not to pursue [the domestic violence] element." We agree with the state's assessment and remand for entry of a corrected judgment that deletes all references to the "constituting domestic violence" element from the judgment of conviction.

The state also concedes that the trial court plainly erred by imposing the court-appointed attorney fees and that we should exercise our discretion to correct that error. We accept the state's concession and, for reasons similar to those expressed in *State v. Baker*, 278 Or App 327, 328, 372 P3d 656 (2016), exercise our discretion to correct the error.

Remanded for entry of a corrected judgment deleting all references to the "constituting domestic violence" element; portion of the judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.

---

[1] ORS 132.568 provides, in part:

"(2) When a crime involves domestic violence, the accusatory instrument may plead, and the prosecution may prove at trial, domestic violence as an element of the crime. When a crime is so pleaded, the words 'constituting domestic violence' may be added to the title of the crime."

[2] Defendant also challenges an evidentiary ruling by the court and its imposition of an upward departure sentence. We reject those challenges without written discussion.