Submitted November 24, remanded for resentencing, otherwise affirmed
December 30, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MERLINDA M. AVALOS,
*Defendant-Appellant.*

Washington County Circuit Court
18CR41305; A170462

480 P3d 334

D. Charles Bailey, Jr., Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Dashiell L. Farewell, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was convicted of six counts of first-degree criminal mistreatment, ORS 163.205. On appeal, defendant contends that the trial court erred when it ordered her to pay restitution to CareOregon and to Child Abuse Response and Evaluation Services (CARES) Northwest and to pay a compensatory fine totaling $20,000 to the three child victims. Defendant did not preserve those contentions and seeks plain error review. ORAP 5.45(1).

In response, the state concedes that the trial court plainly erred when it ordered defendant to pay restitution to CARES Northwest and to pay a compensatory fine to the child victims of her crimes. We agree with and accept the state's concession regarding CARES Northwest. *State v. White*, 296 Or App 445, 450-52, 439 P3d 569, *rev den*, 365 Or 195 (2019) (on the record before the trial court, CARES did not suffer economic damages "as a result of the defendant's criminal activities" by providing services to the direct victim of the defendant's crimes and, under the restitution statute, was therefore not a "victim" to whom the defendant could be ordered to pay restitution). We also agree with and accept the state's concession that the children were not "victims" for compensatory purposes because they did not personally suffer economic damages, and therefore it was error for the court to order the compensatory fine to the children. *See State v. Moreno-Hernandez*, 365 Or 175, 181-82, 189, 442 P3d 1092 (2019) (economic damages required to qualify as "victim" under ORS 137.103(4); unemancipated minor does not suffer economic damages for medical expenses).

Defendant argues that it was plain error for the court to award restitution to CareOregon because it is an insurer and does not qualify as a "victim" under ORS 137.103(4). For plain-error review, "(1) the error must be an error of law; (2) it must be 'apparent,' in that the 'legal point is obvious, not reasonably in dispute'; and (3) it must appear on the record such that '[w]e need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable.'" *State v. Coverstone*, 260 Or App 714, 715, 320 P3d 670 (2014) (quoting *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990)).

The state argues that CareOregon, as a Coordinated Care Organization and Oregon Health Plan provider, qualifies as a victim under ORS 137.103(4)(b) and asserts that any error is not plain. We conclude that defendant's contention fails on the second prong of the plain-error test and agree with the state that it is not susceptible to plain-error review.

Regarding disposition, the state argues that we should reverse as to the imposition of restitution for CARES Northwest and the compensatory fine and remand for resentencing to allow the trial court to determine if it has "other permissible options available to it" regarding the imposition of restitution or a fine. *State v. White*, 299 Or App 165, 169, 449 P3d 924 (2019) (citing *Moreno-Hernandez*, 365 Or at 190-91). We agree and remand for resentencing consistent with this opinion

Remanded for resentencing; otherwise affirmed.