Argued and submitted December 3, 2021; remanded for resentencing, otherwise affirmed January 26, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

OSVALDO SOCARRAS PEREZ,
*Defendant-Appellant.*

Hood River County Circuit Court
18CR03223; A173213

502 P3d 787

Karen Ostrye, Judge.

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jon Zunkel-deCoursey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before James, Presiding Judge, Lagesen, Chief Judge, and Kistler, Senior Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

In this criminal appeal, defendant argues that, under governing case law, the trial court plainly erred in imposing a compensatory fine, payable to M, the child victim. *See, e.g.*, *State v. Moreno-Hernandez*, 365 Or 175, 181-82, 189, 442 P3d 1092 (2019) (concluding that under ORS 137.101(1), the court may only impose a compensatory fine payable to "victim" that has suffered "economic damages" as defined in ORS 31.710); *State v. Avalos*, 308 Or App 362, 363, 480 P3d 334 (2020) (concluding that the children were not "victims" for compensatory fine purposes because they did not personally suffer economic damages). The state concedes that the court plainly erred but argues that we should not exercise our discretion to correct the error, because if defendant had objected the court could have easily avoided the error by making the fine payable to M's parents.

As we did in *Avalos*, we accept the state's concession. We reject, however, the state's argument that we should not exercise our discretion to correct the plain error. It is not obvious to us that the state is correct that the trial court easily could have corrected the error and our practice in comparable cases, guided by the Supreme Court's approach in *Moreno-Hernandez*, has been to "remand for resentencing to allow the trial court to determine if it has 'other permissible options available to it' regarding the imposition of restitution or a fine." *Avalos*, 308 Or App at 364 (quoting *State v. White*, 299 Or App 165, 169, 449 P3d 924 (2019)).

Remanded for resentencing; otherwise affirmed.