***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted on June 21; remanded for resentencing, otherwise affirmed October 5, 2022, petition for review denied February 23, 2023 (370 Or 789)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JULIO ROBERTO BOSARREYES,
*Defendant-Appellant.*

Deschutes County Circuit Court
17CR48489; A172835

Stephen P. Forte, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mary Reese, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Susan G. Howe, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Remanded for resentencing; otherwise affirmed.

**POWERS, J.**

Defendant appeals from a judgment convicting him of first-degree rape, ORS 163.375 (Count 1), and two counts of first-degree sexual abuse, ORS 163.427 (Counts 2 and 3), challenging the denial of his motion for judgment of acquittal as to Counts 1 and 2 and the imposition of a compensatory fine. In his first two assignments of error, defendant argues that the trial court erred in denying his motion for judgment of acquittal because the state adduced neither sufficient evidence of forcible compulsion nor sufficient evidence that defendant knowingly subjected the victim to forcible compulsion. In his third assignment of error, defendant argues that the trial court erred in imposing a compensatory fine to be paid to the victim when the record lacked evidence that the victim incurred economic damages. The state responds that the trial court did not err in denying the motion for judgment of acquittal because defendant used sufficient physical force to permit the factfinder to conclude that he engaged in forcible compulsion, and the trial court did not err in imposing the compensatory fine because there was sufficient evidence to establish that defendant's crimes caused economic damages. The state concedes, however, that the trial court erred in making the compensatory fine payable to the victim, who was a minor at the time of the crime and, as such, did not incur economic damages herself. As explained below, we reject defendant's arguments related to forcible compulsion, and we accept the state's concession on the compensatory fine and remand for resentencing.

We begin with defendant's challenge to the denial of the motion for judgment of acquittal on Counts 1 and 2.[1] Although defendant concedes that there was sufficient evidence for the factfinder to conclude that he used forcible compulsion when he ignored the victim's attempts to push his head away from her chest and lifted her shirt and touched her breasts (which was the basis for Count 3), defendant maintains that there was insufficient evidence to conclude that defendant used forcible compulsion to rub the victim's vagina (Count 2) and to engage in sexual intercourse (Count 1).

---

[1] Defendant does not challenge Count 3, first-degree sexual abuse, based on touching the victim's breasts by means of forcible compulsion.

We review the denial of a motion for judgment of acquittal by examining the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

In *State v. Marshall*, 350 Or 208, 219-27, 253 P3d 1017 (2011), the Supreme Court examined what the state must prove to establish forcible compulsion. As we have summarized,

> "to constitute forcible compulsion, the physical force used by the defendant must be greater than or qualitatively different from the simple movement and contact that is inherent in the action of touching an intimate part of another. The force also must be sufficient to compel the victim, against the victim's will, to submit to or engage in the sexual contact. That is, there must be a causal connection between the sexual contact and forcible compulsion elements. However, the force need not be violent or dominating. Significantly, the force that is sufficient to compel one person to submit to or engage in a sexual contact against his or her will may be different from that which is sufficient to compel another person to do so."

*State v. Nygaard*, 303 Or App 793, 798, 466 P3d 692, *rev den*, 367 Or 115 (2020) (internal quotation marks and citations omitted).

In this case, there was sufficient evidence of "forcible compulsion" to withstand a motion for judgment of acquittal on Count 1, first-degree rape, and Count 2, first-degree sexual abuse by touching the victim's vagina by means of forcible compulsion. Defendant, who was 41 years old, was the victim's putative stepfather as her mother's long-term, live-in boyfriend. After engaging in the conduct underlying Count 3, there were a number of intervening events, including defendant locking the bedroom door and pushing the victim backwards on his bed, which "forced" the victim to lie on the bed. He then removed the victim's pants and underwear, rubbed the victim's vagina with his hand, lifted her legs over his shoulders, penetrated the victim's vagina with his penis, and later repositioned the victim's body on the

bed before again lifting her legs up and continuing to penetrate the victim. That evidence could support a finding that the physical force defendant used was sufficient to compel a person in the victim's circumstances to engage in the sexual contact. *See, e.g.*, *Nygaard*, 303 Or App at 800 (concluding that the evidence was sufficient to support a finding that the defendant acted with forcible compulsion when the defendant manipulated the victim's legs so that he could contact her vagina); *Marshall*, 350 Or at 227 (concluding that the evidence was sufficient to support a finding that the defendant acted with forcible compulsion when the defendant forced the victim's hand down inside the defendant's pants and against his erect penis and that the victim had pulled or jerked her hand away). Accordingly, the trial court did not err when it denied defendant's motion for judgment of acquittal.

We turn to defendant's challenge to the imposition of a compensatory fine, which we review for legal error. *See State v. Alonso*, 284 Or App 512, 515, 393 P3d 256 (2017) (so stating). Under ORS 137.101(1), the court may impose a compensatory fine payable to a "victim" who has suffered "economic damages" as defined in ORS 31.705.[2] *See State v. Moreno-Hernandez*, 365 Or 175, 180-82, 442 P3d 1092 (2019)

---

[2] ORS 137.101 provides, in part:

"(1) Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action, unless the issue of punitive damages has been previously decided on a civil case arising out of the same act and transaction, the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to the injured victim or victims, as directed in the court's order, moneys paid to the court as compensatory fines under this subsection. This section shall be liberally construed in favor of victims."

ORS 31.705 provides, in part:

"(2) As used in this section:

"(a) 'Economic damages' means objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services, burial and memorial expenses, loss of income and past and future impairment of earning capacity, reasonable and necessary expenses incurred for substitute domestic services, recurring loss to an estate, damage to reputation that is economically verifiable, reasonable and necessarily incurred costs due to loss of use of property and reasonable costs incurred for repair or for replacement of damaged property, whichever is less."

(explaining the statutory prerequisites for a compensatory fine and concluding that, under ORS 137.101(1), the court may impose a compensatory fine payable to a "victim" that has suffered "economic damages"); ORS 137.103(2) (defining "economic damages" as used in ORS 137.101 as having the meaning provided by ORS 31.705). An unemancipated minor generally does not qualify as a "victim" for purposes of a compensatory fine because the minor does not personally suffer economic damages. *See State v. Avalos*, 308 Or App 362, 363, 480 P3d 334 (2020) (accepting the state's concession that children were not "victims" for purposes of a compensatory fine because they did not personally suffer economic damages). In this case, the trial court erred in imposing a compensatory fine payable to the victim because, as the state concedes, the victim was a minor at the time of the crime and, therefore, did not personally suffer economic damages. Accordingly, we accept that concession and remand for resentencing.

Remanded for resentencing; otherwise affirmed.